E. R. STAMPS, Receiver, v. THE COMMERCIAL FIRE INSURANCE COMPANY.

*Contract of Fire Insurance--Election to Rebuild--Judgment Creditor--Mortgage.*

1. A provision in a policy of fire insurance, by which in case of loss it is made optional with the insurer to repair, rebuild, or replace the property destroyed, by giving notice within a certain time, constitutes a contract exclusively between insurer and insured; neither a judgment creditor nor a mortgagee can interpose to prevent its performance.

2. Where the insurer has not given notice of an intention to repair, &c., within the time specified no one but the insured can take advantage of it and require the payment of the insurance money instead.

(*Gaster* v. *Hardie*, 75 N. C. 460, cited and approved.)

CONTROVERSY submitted without action under C. C. P. § 315, and heard on the 3d of July, 1877, before *Cox, J.*

On the 16th of September, 1876, Simon G. Hayes insured his cotton gin, &c., upon his land in Wake County, in the Commercial Fire Insurance Company for $2300, and in the Albemarle Fire Insurance Company for $1150. He had previously mortgaged the property by executing two deeds —one in February, and the other in August, 1875—to secure the payment of debts. The Raleigh National Bank, a creditor of Hayes, obtained a judgment against him in June, 1876, and before the policies of insurance were obtained. Upon this judgment an execution issued and was returned unsatisfied, and under supplemental proceedings the plaintiff was appointed Receiver of Hayes. On the 9th of March, 1876, a homestead in the equity of redemption in the land conveyed by said deeds, was assigned to Hayes, the mortgagor. During the continuance of said policies, the property insured was destroyed by fire. One of the provisions of said policies is: " It shall be optional with the company to

14·

repair, rebuild, or replace the property lost or damaged with other of like kind and quality within a reasonable time, giving notice of their intention so to do within thirty days after receipt of proofs of loss, and in case the company shall elect to rebuild, the assured shall, if required, furnish plans and specifications of the building destroyed." The companies gave no notice of an intention to rebuild, in consequence of their apprehension of being involved in a law suit between the parties having an interest in the property. They however at the request of Hayes, who waived said notice, said they would rebuild, to which the plaintiff objected and demanded payment of the insurance money to himself as Receiver. The companies admitted their liability to the party who shall be declared entitled to receive the insurance money. His Honor held that the companies had a right to elect whether they would rebuild the property destroyed, and if they should choose not to do so, Hayes had a right to receive the money and use it in rebuilding. From this ruling the plaintiff appealed.

*Messrs. Merrimon, Fuller & Ashe,* for plaintiff.
*Messrs. D. G. Fowle* and *Geo. H. Snow,* for defendants.

Bynum, J. As the case is stated, some of the property insured and destroyed was not embraced in the mortgages; but we are called upon to determine only the rights of the parties in respect to that which was included in the mortgages. Their rights depend altogether upon the proper construction of the contract of insurance. The mortgagee was not a party or a privy to this contract of insurance by the mortgagor, and as a matter of right can claim no benefit under it. It was for the exclusive benefit of the insured, the mortgagor. *Carpenter* v. *Providence Ins. Co.,* 16 Pet. 495; *Callahan* v. *Linthicum,* 43 Md. 97. If the mortgagee can derive any benefit from the policy, it will be incidental

merely, as will be hereafter shown, and not because he has any right to a benefit which he can enforce in a Court of justice. He may therefore be put out of the case, and we are confined then to the contest between the judgment creditor and the debtor.

Before the plaintiff had obtained his judgment, the defendant, Hayes, had executed two mortgages upon the same property to secure the payment of two debts aggregating $3000. He had also his homestead assigned to him in the equity of redemption in the property mortgaged. As the property was valued by the appraisers at $1600 only, it is evident that the homestead assigned in it, was of no appreciable value. In this condition of things the mortgagor insured the property against loss by fire.

By the contract of insurance and as a constituent part of it, it is provided that "it shall be optional with the company to repair, rebuild, or replace the property lost or damaged with other of like kind and quality within a reasonable time, &c." It is thus seen that by the express terms of the policy, the insurer can replace the loss by repairs or other property of like quality. This contract is exclusively between the parties to it; and neither the creditor nor mortgagee can interpose and prevent its performance, as they now seek to do in this action. If the insurer has not notified the insured of his intention to repair within the time specified in the policy, no one but the insured can take advantage of that breach and require the payment of the insurance money instead of the repairment of the property damaged. The insured does elect to waive this notice of intention, and the insurer, as we understand the case, is willing and elects to make the repairs and replace the property destroyed. When this shall have been done, the mortgagor, mortgagee and judgment creditor will be just where they were before the fire in respect of the property and their rights and their

remedies against it.   No one is in a worse condition and no one has a just cause of complaint.

The contract of insurance is a contract of indemnity; its purpose is not speculative, but the preservation of the property or its value, and this enures to the mutual benefit of all;—of the judgment creditor, because it secures unimpaired the estate or fund to which only he can look for his debt;—of the mortgagee, because it preserves from loss his security; —and of the mortgagor, because the indemnity re-instates him and gives the debtor a hope and chance of redeeming his property, securing his homestead, and discharging his debts.   The plaintiff admits that all the property of his debtor is covered by mortgages and the homestead, and is insufficient to pay his debt or any part of it.   Why then should he be placed in a better condition by the misfortune of the debtor resulting from the destruction of his property by fire?   The insurance money is only a compensation for loss which would fall upon the mortgagor otherwise, and is not an additional estate or increase of assets exempt from prior liens and impressed with new liabilities.   As the contract of insurance is one of indemnity only, when the insurer has replaced the property destroyed it will stand in the same plight and condition as it did before the fire, and subject to the same liens.   If the property mortgaged had been of greater value than the debts secured thereby and the homestead assigned therein, it was both competent and proper for the plaintiff creditor to compel a foreclosure and sale by the proper action, and thus secure the excess over the homestead and mortgage debt to be applied in discharge of his debt.   *Gaster* v. *Hardie*, 75 N. C. 460.   As the insurer has elected to rebuild and replace the property secured in the mortgage which was destroyed, the question is not presented as to the rights of the several parties to this action in case the insurer had not elected to rebuild, and the insurance money itself had been paid and was in controversy.

That question is not devoid of difficulty in its solution and we do not enter into it. The insurance companies will pay into office the sum due on the contract of insurance, and the Clerk of the Court is appointed Commissioner to see to its application in payment for rebuilding, &c., according to the terms of the policies of insurance.

The cause is retained for further directions subject to this modification. The judgment of the Superior Court is affirmed at the cost of the plaintiff.

Per Curiam.                          Judgment affirmed.