ELIZABETH HEILMANN, Respondent, *v.* THE WESTCHESTER FIRE INSURANCE COMPANY, Appellant.

Defendant issued to plaintiff a policy of fire insurance "loss, if any, payable to Peter Briggs, jr., mortgagee." The policy contained a clause giving defendant the option to repair or rebuild upon giving notice to the assured ; and the loss was made payable in sixty days after notice and proof of loss, unless the company "have given notice of their intention to rebuild or repair." The premises insured were destroyed by fire and defendant gave notice to plaintiff of intention to rebuild, which was accepted. *Held,* that having exercised its option, defendant was bound, as upon a contract to build, which superseded the contract to insure ; that the legal title to the substituted contract was in plaintiff, not in the mortgagee ; that the obligation of defendant to the latter was simply to pay the loss to him in money in case no notice of intention to rebuild was given, and that the action was upon the substituted contract and was properly brought in the name of plaintiff.

As to whether, in such case, the mortgagee might intervene in equity, in case of insufficient security, to prevent the payment of the money to the mortgagor, or its misappropriation, *quære.*

*Tolman* v. *M. Ins. Co.* (1 Cush., 73) ; and *Hastings* v. *W. F. Ins. Co.* (73 N. Y., 141), distinguished.

(Argued May 27, 1878 ; decided November 12, 1878.)

APPEAL from judgment of the General Term of the Supreme Court, in the second judicial department, affirming a judgment in favor of plaintiff, entered upon a verdict.

The complaint in this action alleged, in substance, and it appeared on the trial, that defendant issued to plaintiff a policy of fire insurance for $3,000, upon certain buildings therein described, "loss, if any, payable to Peter Briggs, jr., mortgagee." * * * The amount of loss or damage "to be paid sixty days after due notice and proofs of the same made by the assured, * * * in accordance with the terms and conditions of this policy, unless the property be replaced or the company have given notice of their intention to rebuild or repair the damaged premises."

The policy contained the following condition : "And provided further, that it shall be optional with the company to

repair, rebuild or replace the property lost or damaged with other of the like kind and quality, within a reasonable time, giving notice of their intention to do so, within thirty days after receipt of proofs herein required, and in case this company elect to rebuild, the assured shall, if required, furnish plans and specifications of the buildings destroyed."

The buildings insured were totally destroyed by fire, due proofs of loss were made, defendant gave notice of its intention to rebuild and required the plans and specifications, which plaintiff furnished, accepted the offer to rebuild, and notified defendant that it might commence building at once, but it neglected and refused to fulfill its contract to rebuild, and judgment was asked for the damages.

*Calvin Frost*, for appellant. If the notice of intention to rebuild was properly given by defendant to plaintiff instead of to the mortgagee the policy was converted into a building contract and this action was properly brought upon it. (*Morrell* v. *Irving F. Ins. Co.*, 33 N. Y., 429; *Beals* v. *Home Ins. Co.*, 36 id., 522.) As plaintiff had no interest in the policy, notice to her was a nullity and did not convert the policy into a building contract. (*Beach* ·v. *Bowery Fire Insurance Company*, 8 Abb. Pr., 261.) The provision that the loss, if any, should be paid to the mortgagee, was the same as if the policy had been assigned to him with the assent of the insurers. (*Ripley* v. *Astor Ins. Co.*, 17 How. Pr., 444; *Grosvenor* v. *At. F. Ins. Co.*, 17 N. Y., 391, 395; 5 Duer, 517, 524, 537.) The action should have been brought by the mortgagee. (*Ripley* v. *Astor F. Ins. Co.*, 17 How. Pr., 444; *Cone* v. *Nia. F. Ins. Co.*, 60 N. Y., 619; 3 T. & C., 39.)

*John B. Pannes*, for respondent. Defendant having given notice that it elected to rebuild, the contract was converted into a building contract. (*Morrell* v. *Irving Ins. Co.*, 33 N. Y., 429; *Beals* v. *Home F. Ins. Co.*, 36 id., 522.) Plaintiff was the only party with whom the contract to rebuild

could be made. (*Cone* v. *Nia. F. Ins. Co.*, 60 N. Y., 619; *Kernochan* v. *N. Y. Bowery F. Ins. Co.*, 17 id., 436.) Defendant waived none of the conditions of the policy by consenting to pay the loss, if any, to the mortgagee. (*Buff. S. Engine Works* v. *Sun Mut. Ins. Co.*, 17 N. Y., 408.)

CHURCH, Ch. J. The only question involved is whether the plaintiff can maintain the action. The defendant insists that the action can only be brought by Briggs, the appointee named in the policy for receiving the payment, or at all events that he should be made a party. This precise point has not, that I am aware, been decided in this State, and its solution depends upon the construction to be given to the contract. · The contract is an ordinary fire policy by which the defendant agreed to insure the plaintiff against loss or damage by fire on certain premises therein described, " loss if any, payable to Peter Briggs, Jr., mortgagee." The policy contains this clause, " the amount of loss or damage to be estimated according to the actual cash value of the property at the time of the loss, and to be paid sixty days after due notice and proofs of the same made by the assured and received at this office in accordance with the terms and provisions of this policy *unless the property be replaced, or the company have given notice of their intention to rebuild or repair the damaged premises.*" There was also a provision giving the defendant the option to repair or rebuild within a reasonable time upon giving notice within thirty days from the time of the service of proofs of loss, and in case such notice was given requiring the assured to furnish plans and specifications of the buildings destroyed. Notice was given to the assured which was accepted, and plans and specifications furnished by her, and the defendant neglected and refused to rebuild when this action was brought.

It has been settled in this court that in such a case the contract to insure becomes superseded by the building contract, that the action is upon the contract to rebuild, and not upon the policy, and that the company having exercised the

option, is bound as upon an original contract to build with the consideration paid in advance, and that neither the amount of loss, nor the amount of the insurance is controlling upon the question of the amount of the recovery in an action upon such a contract. (*Morrell* v. *Irving Ins. Co.*, 33 N. Y., 429; *Beals* v. *Home Fire Ins. Co.*, 36 id., 522.)

DENIO, J., in the former case said "'that the contract then became one for rebuilding, and that the obligation which looked to the payment of money, became obsolete and inapplicable, and that the case then became the same which it would have been if the contract had obliged the defendant simply to rebuild in case of loss."

Looking at the terms of the contract in the light of these adjudications, it seems logically to follow that the legal title to this cause of action which is on the building contract, is in the plaintiff, and not in the mortgagee. The payment contemplated to be made to the mortgagee was a payment in money as provided in the policy within sixty days after proofs of loss. This agreement was qualified by the other provision referred to, making it optional to rebuild which when exercised superseded the agreement to pay, and in the language of Judge DENIO rendered the alternative obligation to pay " obsolete and inapplicable." Indeed the terms of the contract seem decisive on this point. The agreement to pay the loss is accompanied by an express proviso rendering it not obligatory if the notice is given. It is suggested that injustice might be done to the mortgagee by collusion, between the assured and insurer, and that his rights ought not to be prejudiced by any dealing between them. Fraud or collusion would of course vitiate anything they might do, and if the mortgagee should be injured by carrying out the provisions, it would be attributable to the terms of the contract, which the parties made and had a right to make themselves. The right to rebuild is as much a part of the contract as the obligation to pay, and necessarily modifies the latter. The contract to rebuild was for the benefit of the plaintiff. The property belonged to her when destroyed and would be

her's when replaced. The notice was properly given to the plaintiff instead of the mortgagee, and the defendant so construed the contract as we must presume from the fact that it served the notice upon her, and not upon the mortgagee. Suppose the defendant had professed to comply with its contract, and had erected a building, but in consequence of defective workmanship or materials, or otherwise, a cause of action had accrued for damages. Could the mortgagee have brought an action? He would have had no interest in the recovery, if his security was ample, and no interest to prosecute such an action. It is said that he might be compelled to bring the action, or that if he refused, the plaintiff might then bring it. Every action must be brought in the name of the party in interest except trustees of an express trust. The mortgagee would have had no interest, nor could an express trust be spelled out of the policy which would enable him to bring an action for such a cause. His right is fixed by the policy, and is confined to a right to receive the amount of the loss, if notice is not given. It is said that the word pay includes the discharge of the obligation in money, or by rebuilding, and *Tolman* v. *Manufacturers' Ins. Co.* (1 Cush., 73), is cited. There an order was given by the assured after the loss to pay the loss to a third person to which the company assented, and the court held that this was not a waiver of the right to rebuild. The decision was clearly right, but whether the reason given for it was the correct one, I do not deem it necessary to discuss. In this case I can see no ground for the position that the obligation to pay the loss to the mortgagee contemplated anything else than a payment in money. The action was properly brought in the name of the plaintiff, and it follows that the defendant is not liable to an action by the mortgagee. It may be that under some circumstances a mortgagee might intervene in equity in case of insufficient security to prevent the payment of the money to the mortgagor, or its misappropriation, but no such question arises here, and it is unnecessary to decide it. No objection is made on the part of the mort-

gagee, and the defendant appears to be defending the action upon the technical ground of a want of interest in the plaintiff to bring the action, which we think not tenable.

In the recent case of *Hastings et al.* v. *Westchester Fire Insurance Company*, this same defendant, (73 N. Y., 141) the mortgagee had an absolute insurance unaffected by the mortgagor's acts, and we held that this protected the mortgagee, as well against prior as subsequent acts, and the decision has no application to the question involved in this case.

The judgment must be affirmed.

All concur, except RAPALLO, J., dissenting.

Judgment affirmed.