HARTFORD FIRE INS. CO. et al. v. PEEBLES' HOTEL CO.

(Circuit Court of Appeals, Sixth Circuit. October 5, 1897.)

No. 511.

1. FIRE INSURANCE—POLICIES IN SEVERAL COMPANIES—ELECTION TO REPAIR—ACTION FOR DAMAGES—PARTIES.

The P. H. Co. insured its building in several fire insurance companies. The policies were for distinct sums, and constituted separate contracts. Each policy contained the usual clause requiring an apportionment of loss between all the insurers, and gave an option to the insurer to repair or rebuild. A partial loss occurred, and all the companies, by a joint notice, elected to repair and rebuild. After the work was completed, the assured brought an action against the companies jointly, alleging breach of contract, 'in that neither materials nor workmanship was up to standard, and recovered a joint judgment against them. Upon the question of misjoinder of parties defendant, held, that the intent to jointly repair and rebuild, as indicated by the notice and subsequent joining in the work, operated to make the obligation to do so joint or several, at the option of the assured.

2. SAME—EFFECT OF PRORATING CLAUSE.

Held, further, that the prorating clause had no bearing upon the liability of the companies to the assured when sued for a breach of contract to repair or rebuild.

3. SAME—MEASURE OF DAMAGES.

Held, further, that the amount of money indemnity stipulated to be paid under the alternative clause of the policies ceased to be any standard for the measure of damages resulting from breach of the rebuilding agreement.

4. SAME.

Held, further, that, after election by an insurer under such a policy to repair or rebuild, the measure of damages is the cost of repairing or rebuilding where there has been a total failure, or the difference between the work as done and its value if done according to the standard of that existing before the fire.

In Error to the Circuit Court of the United States for the Eastern District of Tennessee.

This was an action at law by the Peebles' Hotel Company against the Hartford Fire Insurance Company, the Phœnix Insurance Company of Hartford, the American Fire Insurance Company, the Virginia Fire & Marine Insurance Company, the Georgia Home Insur-

ance Company, the Lancashire Insurance Company, and the Royal Insurance Company, to recover damages alleged to have resulted from the failure of defendants to employ suitable workmanship and materials in repairing a building damaged by fire, the defendants having elected to repair under provisions contained in their policies respectively. In the circuit court there was a verdict and judgment against all the companies in the sum of $16,000, and the defendants sued out this writ of error.

Lewis Shepherd and Wm. L. Frierson, for plaintiffs in error.
Dickey & Peeples and Brown & Spurlock, for defendant in error.

Before HARLAN, Circuit Justice, and TAFT and LURTON, Circuit Judges.

LURTON, Circuit Judge. An hotel building owned by the defendant in error was insured in several fire insurance companies for a sum aggregating $38,500. Each policy was for a distinct sum, and constituted a separate contract, though each contract contained the usual clause requiring an apportionment of loss between all the insurers. While this concurrent insurance was in force, an accidental fire occurred, by which the property was partially destroyed. There was disagreement as to the amount of the loss, and an ineffectual effort at settlement by arbitration. Each policy contained a provision under which the insurer might, at its option, repair or rebuild upon electing to do so within a prescribed time after receipt of proofs of loss. Availing themselves of this option, the several companies jointly gave written notice in this language:

"Peebles' Hotel Co., City—Gentlemen: Owing to the fact that the appraisers originally chosen to appraise the loss and damage on your hotel building, at the corner of Chestnut and Carter streets, Chattanooga, Tenn., have failed to come to any agreement as to the amount of loss and damage, and in view of the fact that your company refused to go into any new appraisement with appraisers other than those originally chosen, we are now compelled to avail ourselves of the privilege granted by the conditions of our policies to repair and rebuild your building the same as before the fire, and you will please accept this as notice of our intention to repair and rebuild. We therefore call upon you for plans and specifications to be furnished us for the use of the contractor whom we shall elect; and, in order that this business may be facilitated and the work put under way at the earliest day practicable, we beg to suggest that these verified plans and specifications of the building, as it stood the day of the fire, be furnished within a reasonable time from this date. We reserve the right, if the plans herein called for are not furnished within a reasonable time, to proceed with the reinstatement of the building with such material, work, and labor as is shown by the portions of the building still standing."

Plans and specifications were furnished, and a contract entered into by the companies jointly for the restoration of the building. When the contractor had completed his work, joint notice was given by the insurers of the completion of the building. The defendant in error thereupon brought this action against the insurers jointly, alleging a breach of contract to rebuild and restore the building, upon the ground that neither the materials used nor the workmanship was up to the standard of that in the damaged building. A demurrer based upon an alleged misjoinder of parties defendant was overruled, with leave to raise the same question by plea. Issues

were formed upon pleas filed, and the cause submitted to a jury, who found for the defendant in error, and assessed damages at $16,-000, upon which verdict there was a joint judgment against all of the defendant companies. This writ of error has been sued out by each of the plaintiffs in error to reverse this judgment.

The single question presented by the assignments of error is that there was a misjoinder, and the contention is that the defendant's right of action was against each company singly for a breach of its contract to repair and rebuild, and that, under the apportionment clause found in each policy, there could be no recovery against a particular company for any greater sum than the proportion which its policy bore to the whole amount of concurrent insurance. This is a purely technical objection. If all that is claimed be conceded, the plaintiffs in error, as between themselves, are liable to contribute one to another for any excess of payment over its proportion. Upon the other hand, if the apportionment clause has any bearing when the option to rebuild has been exercised, innumerable difficulties would arise in the proper assessment of damages. Seven different suits would have been necessary, thus increasing the costs sevenfold. Different juries would assess the total damages at different amounts, and there would be no known method of apportioning the damages equitably among the insurers. The apportionment clause in each policy is substantially the same, and is in these words:

"This company shall not be liable under this policy for a greater proportion of any loss on the described property, or for loss by the expense of removal from premises endangered by fire, than the amount hereby insured shall bear to the whole insurance, whether valid or not, or by solvent or insolvent insurers, covering such property; and the extent of the application of the insurance under this policy, or of the contribution to be made by this company in case of loss, may be provided for by agreement or condition written hereon, or attached or appended hereto."

Clearly, this has no bearing upon the liability of a company when sued for a breach of its contract to repair or rebuild, and a plaintiff would be entitled to the full amount of his damages against such company, leaving it to seek contribution from any other company having insurance on the same property. Morrell v. Insurance Co., 33 N. Y. 429; Henderson v. Insurance Co., 48 La. Ann. 1176, 20 South. 658. Whether we regard an election to rebuild as the substitution of one contract for another, or as but another mode of paying the loss which has occurred, is immaterial; for upon such an election the contract becomes one for rebuilding or repairing, and is governed by the principles applicable to engagements of that kind where the consideration has been paid in advance. After such an election, no action will lie on the policy to recover the money indemnity therein stipulated. For a total failure to repair or rebuild, or where the repairing or rebuilding does not result in the restoration of the building to a condition substantially like that existing before the fire, the action is for a breach of the contract to repair or rebuild; and the measure of damages will be the cost of repairing or rebuilding where there has been a total failure, or the difference between the work as done and its value if done according to the

standard of that existing before the fire.    The amount of money indemnity stipulated to be paid under the alternative clause of the policy ceases to be any standard for the measure of damages resulting from a breach of the rebuilding agreement.    May, Ins. (3d Ed.) §§ 423, 433, 433a;  Morrell v. Insurance Co., 33 N. Y. 429;  Beals v. Insurance Co., 36 N. Y. 522;  Heilman v. Insurance Co., 75 N. Y. 7;  Wynkoop v. Insurance Co., 91 N. Y. 478;  Ostr. Ins. §§ 202, 203;  Association v. Rosenthal, 108 Pa. St. 475, 1 Atl. 303;  Stamps v. Insurance Co., 77 N. C. 209.    The prorating clause contemplated a money indemnity.    The option to rebuild affords the insurer a mode of adjustment whereby all extravagant claim of loss may be avoided. When once resorted to, the whole character of the contract is changed.    The election is not to repair or rebuild a proportion of the building, but to rebuild or repair absolutely, so that the insured shall be indemnified in full.    From this it must follow that the liability for a breach of the contract to repair or rebuild must be equally unlimited.    This rule is conceded where there is but one insurer, and we see no reason why it is not equally applicable where several insurers, either severally or jointly, elect to rebuild.    Of course, there can be but one satisfaction, and the right of contribution would protect the paying company from an undue proportion of the burden as between themselves.

Having settled these principles, we come to their application to the question of misjoinder.    That the plaintiff below might have sued these insurers separately is most obvious from the singleness of the contract of insurance it had with each.    This right to separately sue any company electing to rebuild could not be defeated by the action of the concurrent insurers in jointly electing to rebuild, nor by the subsequent act of joining in a contract to restore the premises.    But in the case before us the several companies manifested an intent to join in the restoration of the property.    This was evidently desirable.    No one of them was sufficiently interested to assume the entire burden of repairing as a mere means of avoiding its separate liability to pay a money indemnity.    This intent to jointly repair and rebuild, as indicated by the notice of election and by the subsequent joining in the work of repairing and rebuilding, operated to make the obligation of repairing and rebuilding joint or several, at the option of the assured.    "Wherever an obligation is undertaken by two or more, or a right given to two or more, it is the general presumption of law that it is a joint obligation or right. Words of express joinder are not necessary for this purpose; but, on the other hand, there should be words of severance, in order to produce a several responsibility or a several right.    Whether the responsibility incurred is joint or several, or such that it is either joint or several at the election of the other contracting party, depends (the rule above stated being kept in view) upon the terms of the contract, if they are express, and, when they are not express, upon the intention of the parties as gathered from all the circumstances of the case."    1 Pars. Cont. (6th Ed.) 11; 1 Beach, Cont. §§ 668, 671, 672.    That such a joint undertaking to rebuild operates to

give the assured the right to maintain either a joint or several-action has been decided in two well-considered cases. Morrell v. Insurance Co., 33 N. Y. 429–447; Henderson v. Insurance Co., 48 La. Ann. 1176, 20 South. 658. The case of Good v. Insurance Co., 43 Ohio St. 416, 2 N. E. 420, has been cited as holding the reverse of this position. The facts of that case were very peculiar, and the opinion is not strictly an authority upon this point. The conclusion we have reached meets the justice of this case, and violates no settled rule of procedure. The judgment is accordingly affirmed.