# WINSTON v. ARLINGTON FIRE INSURANCE COMPANY FOR THE DISTRICT OF COLUMBIA.*

---

### INSURANCE; ACTIONS; CONTRACTS; LIMITATION OF ACTIONS.

Where a policy of fire insurance gives the insurer the option either to pay the loss occasioned by fire, or to replace the insured building. and the insurer elects to repair or replace, an action by the insured for breach of its contract to do so is not an action on the policy so as to bring it within a clause of the policy providing that no action shall be maintainable on the policy unless commenced within twelve months after the loss.

No. 1878. Submitted October 8, 1908. Decided November 4. 1908.

HEARING on an appeal by the plaintiff from a judgment of the Supreme Court of the District of Columbia in an action for a breach of contract, the plaintiff's demurrer to one of the

---

*Insurance—Limitation of actions.—The authorities as to contractual limitation in insurance policies are presented in the following editorial notes: Stipulation limiting time for suit on insurance policy, when begins to run, note to Sample v. London & L. F. Ins. Co. 47 L.R.A. 696; Rule as to first and last days in computation of time, note to Halbert v. San Saba Springs Land & Live-Stock Asso. 49 L.R.A. 208; Estoppel to plead defense of limitation to action on insurance policy, note to Chesapeake & N. R. Co. v. Speakman, 63 L.R.A. 204.

pleas of the defendant having been overruled by the court and
the plaintiff having elected to stand on his demurrer.

*Reversed.*

The COURT in the opinion stated the facts as follows:

This action was begun by Lucien D. Winston against the
Arlington Fire Insurance Company for the District of Colum-
bia, on December 12, 1907.    The declaration alleged that on
and before June 8, 1901, plaintiff was the owner of a certain
house in the city of Washington, that was then damaged by
fire.    That said house was then under insurance by the defend-
ant against loss by fire.    That by the terms of said contract
of insurance the defendant had the right to pay the amount.
of the ascertained loss, or, at its option, to repair, rebuild, or
replace the said house within a reasonable time after said fire.
That in pursuance of said contract, and in consideration there-
of, the defendant elected and undertook to repair and recon-
struct said house, including the replacing of a metal roof there-
on, which had been damaged by fire, with one of like kind and
quality.    That, disregarding its obligation, undertaking, and
duty, it failed to repair and replace said roof with another of
like quality, but replaced and reconstructed the same with
material of an unlike, insufficient, and inferior quality.    That
by reason thereof the said roof became more and more defective
and insufficient, until, to wit, April 1, 1907, when it became
necessary, to render said building inhabitable, to put an en-
tirely new roof thereon.    That defendant, though requested so
to do, failed and refused, and plaintiff was compelled to put
on the new roof, at a cost of $382.50; wherefore he has sus-
tained damages to the amount of $500.

The defendant entered three pleas to the declaration: (1)
That the defendant never undertook and promised as alleged;
(2) that the cause of action did not accrue within three years
next before bringing suit; (3) That in the said contract of
insurance it was stipulated that no suit or action on said con-
tract shall be sustainable in any court of law or equity, unless

commenced within twelve months next after the fire doing damage to the property insured; and that the plaintiff did not bring his action within twelve months next after said fire; wherefor he is barred and forever estopped from bringing this action.

Plaintiff demurred to the third plea. The demurrer was overruled, and, plaintiff electing to stand upon his demurrer, judgment was rendered for the defendant. This appeal is prosecuted therefrom.

*Mr. D. S. Mackall* for the appellant.

*Mr. William G. Johnson* for the appellee.

Mr. Chief Justice SHEPARD delivered the opinion of the court:

The single question for determination is whether this is an action on the contract of insurance so as to bring it within the operation of the limitation clause set out in the plea. The contract of insurance bound the defendant to pay the loss or damage occasioned by fire, not to exceed the stipulated amount. But it reserved an option to the defendant to repair and replace the building. By the exercise of this option and election, in which the plaintiff was bound to acquiesce, the original contract of the parties was converted into a new one on the part of the defendant to repair the building and restore it to its former condition. The contract to pay the loss was thus superseded by the contract to repair. Plaintiff no longer had a right of action upon the former; his sole remedy was upon the new contract. *Wynkoop* v. *Niagara F. Ins. Co.* 91 N. Y. 478, 482, 43 Am. Rep. 686; *Heilmann* v. *Westchester F. Ins. Co.* 75 N. Y. 7, 9; *Morrell* v. *Irving F. Ins. Co.* 33 N. Y. 429, 437, 88 Am. Dec. 396; *Beals* v. *Home Ins. Co.* 36 N. Y. 522, 526; *Fire Asso. of Philadelphia* v. *Rosenthal,* 108 Pa. 474, 478, 1 Atl. 303; *Hartford F. Ins. Co.* v. *Peebles' Hotel Co.* 27 C. C. A. 223, 54 U. S. App. 215, 82 Fed. 546, 548. Plaintiff's declaration set out the contract for insurance, with the

stipulation therein for the option to contract to repair, and alleged the election so to do; but this was by way of inducement to the statement of the cause of action, which is the failure to perform the new undertaking created by that election. As the action, then, is not upon the contract of insurance, we think that the limitation clause of that contract cannot be made to apply to the action upon the undertaking to repair by which it was superseded.

There is no difference in principle between an action of this kind, and one to recover the amount of the adjusted loss or damage under an insurance contract, to which, it has been held, the limitation clause of the policy does not apply. *Smith* v. *Glen's Falls Ins. Co.* 62 N. Y. 85, 86; *Illinois Mut. F. Ins. Co.* v. *Archdeacon,* 82 Ill. 236, 239, 25 Am. Rep. 313.

We are of the opinion that it was error to overrule the plaintiff's demurrer to the plea. The judgment will therefore be reversed, with costs, and the cause remanded for further proceedings in conformity with this opinion.          *Reversed.*