## GAGE v. CONNECTICUT FIRE INS. CO., OF HARTFORD, CONN.

### No. 2121.    Opinion Filed October 15, 1912.

### (127 Pac. 407.)

1. **INSURANCE—Tornado Policy—Right of Action.** A tornado policy provided that the insurer should indemnify the insured against loss in a certain amount, not exceeding the cost of repairing or replacing the injured property, reserving to the insurer the option to repair, rebuild, or replace the property lost or damaged. After a loss the insurer notified the insured of its election to rebuild, but did nothing toward rebuilding. The insured sued upon the policy. Held that, while the election of the insurer was binding upon it, it did not discharge its liability under the policy; and that the action was properly brought.

2. **SAME—Failure to Protect Property.** Failure to protect the property after loss, caused by a cyclone, does not defeat the insured's right of action, but merely affects the amount of his recovery.

3. **INSURANCE—Appraisement of Loss—Waiver.** When the insurer elects to rebuild, then refuses to rebuild, then demands an appraisement, which the insured declines to accept, and the insured then reconsiders and offers to enter into an appraisement, which the insurer declines to accept, the right to an appraisement is waived.

4. **PLEADING—Reply—Departure.** When the plaintiff, in a suit upon a contract, alleges the performance by him of all conditions of the contract, the defendant, answering, charges the plaintiff with various breaches of the contract, and the plaintiff, for reply, admits failure to perform the contract as written, but pleads estoppel and waiver by the conduct of the defendant, the reply constitutes a departure; and the allegations at variance with the original petition should be stricken on motion.

(Syllabus by Ames, C.)

*Error from District Court, Ottawa County;*
*T. L. Brown, Judge.*

Action by A. D. Gage against the Connecticut Fire Insurance Company, of Hartford, Conn., on a tornado policy. Judgment for defendant, and plaintiff brings error. Reversed and remanded.

*E. B. Morgan,* for plaintiff in error.

*Scothorn, Caldwell & McRill,* for defendant in error.

Opinion by AMES, C. The trial court sustained a demurrer to the plaintiff's evidence, and from this ruling this petition in error is prosecuted.

The first question involved is whether or not, after the destruction of plaintiff's property by a cyclone, the election of the defendant to rebuild, instead of paying the loss, was a discharge of the policy of insurance, so that the plaintiff could not sue upon it. The suit was upon the policy, and the defendant contends that it elected to rebuild, in accordance with the terms of the policy, and that the election converted the insurance contract into a building contract, and that thereafter no action could be had upon the .policy. After the loss the defendant elected to rebuild, and gave notice to the plaintiff, but after a few weeks notified the plaintiff of its refusal to rebuild. It had done nothing toward carrying out this agreement to rebuild, and yet it insists that the mere notice of its election discharged the insurance contract, and that the plaintiff's only cause of action was upon its liability by reason of its election. Its position is that its wholly unperformed election to rebuild prevents the plaintiff from suing upon the policy. We do not concur in this view. By the terms of the policy, it is provided:

"Connecticut Fire Insurance Company, in consideration of three & no-100 dollars premium, and of the requirements, limitations and conditions hereinafter contained, agrees to indemnify A. D. Gage against all such immediate loss or damage as may occur by windstorms, cyclones and tornadoes to an amount not exceeding the sum of six hundred dollars, * * * and * * * agrees to make good unto said assured all such loss or damage to the property insured, not exceeding the amount written opposite each item in above form, nor the actual cash value of said property, nor the interest of the assured therein, nor the cost of repairing or replacing the same. * * * And provided further, that it shall be optional with the company to repair, rebuild, or replace the property lost or damaged with other of like kind and quality within a reasonable time, giving notice of their intention so to do within sixty days after receipt of the proofs herein required."

The agreement of the company is to "indemnify" the plaintiff against loss to an amount not exceeding the face of the policy,

nor the cost of replacing the building. For its own protection, the company reserves the right, instead of paying the money, to repair the building. It notifies the insured that it has elected to repair. It does nothing more. The insured brings suit upon the policy, and the company says it is not subject to suit on the policy, because it has elected to repair, but seems to overlook the fact that it has wholly neglected and refused to make the repairs.

It is true that the election to repair is binding upon the company, and that the insured, in the event of the company's breach to repair, may sue for damages for breach of the building agreement. *Morrell v. Irving Fire Insurance Co.,* 33 N. Y. 429, 88 Am. Dec. 396; *Henderson v. Crescent Insurance Co.,* 48 La. Ann. 1176, 20 South. 658, 35 L. R. A. 385; *Heilman v. Westchester Fire Insurance Co.,* 75 N. Y. 7; *Hartford Fire Insurance Co. v. Peebles' Hotel Co.,* 82 Fed. 546, 27 C. C. A. 223; 4 Joyce on Insurance, sec. 3163. While this election of the insurer is binding upon it, it does not follow that its election, wholly unperformed, is binding upon the insured, or that such unperformed election discharges its duty under the insurance contract, although there is conflict in the authorities on the subject. *Morrell v. Irving Fire Insurance Co.,* 33 N. Y. 429, 88 Am. Dec. 396, *supra,* sustains the contention of the insurance company, and this seems to be the settled rule in New York. *Wynkoop v. Niagara Fire Insurance Co.,* 91 N. Y. 478, 43 Am. Rep. 686; *Heilman v. Westchester Fire Insurance Co.,* 75 N. Y. 7; *Beals v. Home Ins. Co.,* 36 N. Y. 522. *Hartford Fire Ins. Co. v. Peebles' Hotel Co.,* 82 Fed. 546, 27 C. C. A. 223, *supra,* is cited as supporting the same rule; but an examination of the case shows that the facts are so different that it is hardly an authority for that position.

On the other hand, in *Langan v. Aetna Ins. Co.* (C. C.) 99 Fed. 374, and *Id.,* 108 Fed. 985, 48 C. C. A. 174, the Circuit Court of Appeals of this circuit has expressly held that, though the insurer has elected to rebuild, if it has failed to do so, the insured may sue on the original contract for the money indemnity. And *Home Mutual Fire Ins. Co. v. Garfield,* 60 Ill. 124, 14 Am. Rep. 27, is to the same effect. After referring to these conflicting authorities, in 4 Joyce on Insurance, sec. 3163, it is said:

"It would seem that by a fair construction contracts of the character here considered must mean not that a mere election to rebuild or repair, such rebuilding or repairs not being properly made, or being unreasonably delayed or not prosecuted, would be sufficient to change the insurance policy into a building contract, so that the latter will supersede and cause the former to cease to exist. The mere agreement that the payment may, if insurers so elect, be made in that way should be held to have reference solely to a fulfilled obligation. If the insurance contract be held one of good faith between the parties, its obligations should be carried out with that view. We believe, therefore, that if the assurer through unreasonable delay fails to complete the rebuilding, repairing, or replacing, or the work is not prosecuted, or is deficient or defective, the contract of insurance is not converted into a building contract to the extent of compelling assured to seek his remedy by way of damages alone, and that he is not bound to sue for the failure, although he may so elect, but has a right to bring his action for the loss under the insurance contract. The insurer, however, should be entitled to the present value of such repairs as are made and as are of substantial benefit to assured, or for deduction for labor and material on account of the partial repairs."

The language of the policy previously quoted shows that the insurer agrees to indemnify the insured against loss, not exceeding the cost of repairing, but reserves the option to repair, instead of paying the loss. It may discharge its agreement to indemnify by rebuilding—not giving notice to rebuild, not electing to rebuild, but by rebuilding. Its election to rebuild is therefore not a discharge of its option; and to hold that the mere election to rebuild, when nothing has been done toward rebuilding, would defeat an action on the policy would be substituting form for substance, and make the law ridiculous.

The defendant next urges in support of the court's ruling that the plaintiff violated the provision of the policy requiring him to protect the property from damages after loss; but it is manifest that failure to do so would not destroy his right of action entirely, but would only go to the amount of his recovery.

The remaining ground on which the defendant undertakes to support the ruling of the court is that the plaintiff refused to consent to an appraisement. The facts are that, after the de-

fendant had elected to rebuild, its adjuster charged the plaintiff with having interfered with the contract for rebuilding, which it had made with a local contractor; that the plaintiff became very angry at the charge and denounced it as false; that the adjuster advised the plaintiff that the company would not rebuild, and demanded an appraisement, but did not name an appraiser to represent the company; that the plaintiff refused to appoint an appraiser; that thereafter he reconsidered the matter and notified the company that he would appoint an appraiser, but that the company refused to proceed further. After having elected to rebuild, we do not think that the company could play fast and loose with the insured and by a series of breaches of duty escape liability under its policy, and that the circumstances stated are sufficient to show a waiver of its right to arbitrate. *Wynkoop v. Niagara Fire Ins. Co.,* 91 N. Y. 478, 43 Am. Rep. 686; *Providence Washington Ins. Co. v. Wolf,* 168 Ind. 690, 80 N. E. 26, 120 Am. St. Rep. 395; *Continental Ins. Co. v. Vallandingham,* 116 Ky. 287, 76 S. W. 22, 105 Am. St. Rep. 218.

As this case must be remanded, it is proper to notice another error which would have required a reversal if the judgment had been for the plaintiff, but which may be corrected before another trial. The petition alleges generally performance by the plaintiff of the duties imposed upon him by the contract. The answer pleads various breaches by the plaintiff of the conditions in the contract. The reply pleads that the defendant is estopped from setting up these matters, and that the defendant has waived them. The defendant filed a motion to strike those portions of the plaintiff's reply, because they constituted a departure, and the court overruled this motion. This was error under the settled doctrine of this court. Comp. Laws 1909, sec. 5642; *Merchants' & Planters' Ins. Co. v. Marsh,* ante, 125 Pac. 1100; *St. Paul Fire & Marine Ins. Co. v. Mountain Park Stock Farm Co.,* 23 Okla. 79, 99 Pac. 647; *Springfield Fire & Marine Ins. Co. v. Halsey,* ante, 126 Pac. 237.

The case should be reversed and remanded.

By the Court: It is so ordered.