AGNES GAFFEY et al., Respondents, *v.* ST. PAUL FIRE AND MARINE INSURANCE COMPANY, Appellant.

Insurance — motor vehicles — when agreement by owners to accept repairs to automobile injured by fire a bar to an action on insurance policy for total loss of car.

Defendant insured plaintiff's automobile truck for $2,500. It having been badly damaged by fire defendant offered to settle the claim for $2,000 or repair the car, which latter offer was accepted by plaintiffs provided they were not delayed too long, whereupon the car was taken by defendant for the purpose of making repairs thereon. Plaintiffs remained silent and permitted defendant to complete the repairs. They made no complaint that the work was unreasonably delayed or that the car when repaired was not as good as it was before the fire. When defendant tendered the truck to them and offered to deliver it free of expense they remained silent for upwards of five months, when they commenced this action to recover $2,500 under the policy for a total loss of the car. *Held*, that the election of plaintiffs to have the car repaired, and the undertaking of defendant to make the repairs within a reasonable time, created a contractual relation between the parties which terminated all rights of both parties under the policy contract. Such substituted contract deprived defendant of asserting any rights or option

it had under the policy and deprived plaintiffs under the circumstances of any right to assert a claim under the policy. The only remedy, if any, either party thereafter had was for breach of the new or substituted contract.

*Gaffey* v. *St. Paul F. & M. Ins. Co.*, 164 App. Div. 381, reversed.

(Argued May 14, 1917; decided June 5, 1917.)

APPEAL from an order of the Appellate Division of the Supreme Court in the third judicial department, entered November 16, 1914, reversing a judgment in favor of defendant entered upon a dismissal of the complaint by the court at a Trial Term and granting a new trial.

The nature of the action and the facts, so far as material, are stated in the opinion.

*William J. Roche* and *William H. Hollister, Jr.*, for appellant. The agreement effected by these letters constituted a novation between the parties and displaced the policy, so far as it related to the matter in question, to wit, the adjustment and payment of the loss. There was a valid compromise of a dispute and difference between the parties. (21 Am. & Eng. Ency. of Law [2d ed.], 660; *Bandman* v. *Finn*, 185 N. Y. 508; *Morehouse* v. *S. Nat. Bank*, 98 N. Y. 503; *Kromer* v. *Heim*, 75 N. Y. 574; *Wahl* v. *Barnum*, 116 N. Y. 87; *Feeter* v. *Webber*, 78 N. Y. 334; *Wehrum* v. *Kuhn*, 61 N. Y. 623; *Chemical National Bank* v. *Kohner*, 85 N. Y. 189; 4 Cooley on Ins. 3585; *Farmers & Merchants' Ins. Co.* v. *Chestnut*, 50 Ill. 111; *Millers' Nat. Ins. Co.* v. *Kinneard*, 136 Ill. 199; *Belt* v. *Am. Central Ins. Co.*, 74 Hun, 448; *Crimmins* v. *Carlyle Realty Co.*, 132 App. Div. 664; *McIntosh* v. *Miner*, 37 App. Div. 483; *Beals* v. *Home Insurance Co.*, 36 Barb. 614.)

*H. D. Bailey* and *Thomas F. Powers* for respondents. The dismissal of the complaint was error, properly reversed by the Appellate Division. (*Brown* v. *N. Y. C. R. R.*

*Co.*, 44 N. Y. 79; *McCotter* v. *Mayor, etc.*, 37 N. Y. 325; *Baigas* v. *Sizer*, 30 N. Y. 647; *Eaton* v. *Aspinwall*, 19 N. Y. 111; *Myers* v. *Smith*, 48 Barb. 614.) Plaintiffs had not offered to do anything and the plaintiffs were not, either then or thereafter, bound to do anything, save, possibly, to receive the completely repaired and restored car at its place of business, Troy, N. Y., within the proper time. (*Treat* v. *Ullman*, 34 Misc. Rep. 553.) Under the law, if defendant was to restore the property, it must be done in thirty days. (*Clover* v. *Greenwich Ins. Co.*, 101 N. Y. 277; *McAllaster* v. *Niagara Fire Ins. Co.*, 84 Hun, 322; *Beals* v. *Home Ins. Co.*, 36 Barb. 354, 614; *Quick* v. *Wheeler*, 78 N. Y. 300; *While* v. *Corlis & Tift*, 46 N. Y. 467; *Frith* v. *Lawrence*, 1 Paige, 434.) The plaintiffs owed no duty of correspondence to the defendant. Once for all plaintiffs had made their conditional suggestion to the defendant and it was for the defendant to comply therewith, or to pay the moneys that it owed under the policy when due. (*McAllaster* v. *Niagara Fire Ins. Co*, 156 N. Y. 80; *Drake* v. *N. Y. Iron Mine*, 156 N. Y. 90.) There was no performance of the conditional restoration contract, nor was any tender of performance. (*McMichael* v. *Kilmer*, 76 N. Y. 36; *Harris* v. *Mulock*, 9 How. Pr. 402; *Eddy* v. *Davis*, 116 N. Y. 251; *Strong* v. *Blake*, 46 Barb. 227; *Bakeman* v. *Pollar*, 15 Wend. 637; *Cashman* v. *Martin*, 50 How. Pr. 337.)

HOGAN, J. May 1st, 1911, defendant issued to plaintiffs a policy of insurance upon an automobile delivery truck, wherein it insured plaintiffs to an amount not exceeding two thousand five hundred dollars, against loss or damage by fire. By the terms of the policy, the automobile insured (body, machinery and equipment) was by agreement of the parties valued at the sum for which the same was insured, namely, $2,500.

The policy provided:

"25. This Company shall be liable to pay hereunder such proportion of any ascertained loss or damage as the sum insured bears to the said valuation."

"12. In ascertaining the amount of any partial loss or damage, only the cost of repairing or, if necessary, replacing the parts damaged or destroyed, including the charges incidental thereto, shall be considered."

October 11th, 1911, the automobile became disabled on the highway between the city of Troy, the residence of plaintiffs, and Ballston Spa, Saratoga county. The truck was left on the roadway and on October 12th the fire occurred. This action was brought on the policy to recover for the loss resulting therefrom.

Upon a trial of the action the complaint was dismissed at the close of the case. Upon appeal from the judgment entered thereon the Appellate Division by a divided court reversed the judgment and granted a new trial. From such order and judgment the defendant appeals to this court.

The plaintiffs on October 23d filed a proof of loss, claiming the loss sustained by them at $2,500. Under date of October 25th, 1911, defendant's general agents addressed a letter to the plaintiffs, which reads:

"SAINT PAUL FIRE AND MARINE INSURANCE COMPANY.

"NEW YORK, *October* 25, 1911.
"Messrs. SAGE & GAFFEY,
        "800 River Street,
                "Troy, N. Y.:

"GENTLEMEN.— We have before us our inspector's report in reference to the damage to your automobile truck insured under policy No. 56492 and have to advise that as the car was damaged and taken apart to a considerable extent prior to the fire and the extensive damage done by the fire was in consequence of this, there are a number of items, therefore, that we are not responsible for; such as the damaged gears, crank case, chains, etc., and in view of these circumstances, we will settle this

claim on the basis of paying you $2,000, or we will have the car shipped to New York for repairs.

"Please let us hear from you at once as to which of these propositions you desire to accept.

"Yours very truly,
"WHITON & MERGES,
"A. W. S.                        *General Agents,*
"By A. WHELPLEY."

On October 26th, 1911, plaintiffs replied to the letter as follows:

"TROY, N. Y., *Oct. 26th*, 1911.
"Messrs. WHITON & MERGES:

"GENTS.— In reply to yours of the 25th will say that if you make the car as good as before the fire and not delay us too long that will be all right. As far as the missing parts are concerned, the only part taken after we discovered the fire were the chains. We have located them. The rest of the stuff we look to you for.

"Yours truly,
"SAGE & GAFFEY,
"800–802 River St.,
"Troy, N. Y."

November 2d, 1911, defendant's agents wrote the plaintiffs, stating in effect that they had made arrangements to have the truck shipped to New York and would at once proceed with the repairs. The letter further stated: "We estimate that it will take about four (4) weeks to repair it in" and requested the plaintiffs to forward by express at once any parts they might have which were not with the truck. The plaintiffs had knowledge of the whereabouts of the chains belonging to the truck, as stated by them in their letter of October 26th. Upon the trial one of the plaintiffs testified that the chains were not sent as requested and gave as a reason therefor "that they were up there on the ground, I didn't send them down, I thought if they wanted them they could come after them."

No further action was taken by plaintiffs after the letter of November 2d. The defendant wrote plaintiffs on November 10th, 1911, advising them that the repairs had been started, that they had not heard from them in reference to shipping the chains and asked them to ship them as defendant did not wish to delay the work.

Plaintiffs did not reply to any letters addressed to them by defendant after the 2d of November. They did not complain of the action of the defendant in moving the truck from Saratoga county to the city of New York for the purpose of making repairs thereon.

January 8th, 1912, defendant addressed a letter to the plaintiffs informing them that the truck which had been damaged by fire, giving the number of the same, had been fully repaired and made as good as before the fire according to correspondence and agreement in the letter of plaintiffs of October 26th, 1911; that upon receipt of advices from plaintiffs the defendant would, as agreed, attach to the car, free of expense, any model of body which plaintiffs would suggest, not to exceed the cost of the body upon the car originally, concerning which they asked to be advised. The letter also tendered to plaintiffs the machine so repaired and offered to deliver the same to them at Troy or any other place they might name, free of expense, upon receipt of such information as to place of delivery. The plaintiffs made no reply to this letter, and subsequently commenced this action.

It is important to consider the relations existing between the parties prior to the commencement of this action. The plaintiffs on October 23d, 1911, filed proof of loss claiming to be entitled to the sum of $2,500 for a total loss. They received from the defendant the letter of October 25th, referring to the inspector's report as to the damage, and were informed in substance that the defendant denied liability for at least a portion of the damage done, by reason of the fact that the car had been taken apart prior to the fire, and in view of the circum-

stances the defendant offered to pay to the plaintiffs two thousand dollars or have the car shipped to New York for repairs, and asked plaintiffs which of the propositions they desired to accept. Upon receipt of that proposition the plaintiffs had the right: (1) To reject both propositions and seek a recovery as for a total loss for which they had filed proof of loss; had they done so, the defendant under the fourteenth clause of the policy would be entitled if so advised to have the amount of loss ascertained by appraisers; (2) accept the sum of $2,000 in cash; (3) allow defendant to have the car shipped to New York for repairs. Plaintiffs did not insist upon their rights under the policy. They did not agree to accept two thousand dollars in cash, but did elect to accept the proposition to have the car repaired. Their letter of October 26th to defendant was tantamount to saying: We accept your proposition to have the car shipped to New York for repairs, but you must make it as good as new and not delay us too long.

On November 2d plaintiffs had knowledge that defendant had arranged to ship the truck to New York, and on November 10th that the truck was there, and work thereon had been commenced. From that fact but one conclusion is deducible, namely, that defendant assumed the obligation " to make the car as good as it was before the fire, and not delay too long," and thus comply with the conditional acceptance by plaintiffs of the proposition in their letter of October 26th. The defendant did not give to plaintiffs any assurance as to the length of time necessary to make the repairs. It merely made an estimate of the time at about four weeks. Defendant was entitled to a reasonable time within which to make the repairs. Plaintiffs never made complaint that the work was unreasonably delayed or that the car was not as good as it was before the fire. They remained silent and permitted defendant to complete the repairs, and when defendant tendered the truck to them and offered to

deliver it to them free of expense they did not acknowledge the letter, but remained silent until upwards of five months, when they commenced this action to recover $2,500 under the policy for a total loss of the car.

The election of plaintiffs to have the car repaired, and the undertaking of defendant to make the repairs within a reasonable time, created a contractual relation between the parties which terminated all rights of both parties under the policy contract. Such substituted contract deprived defendant of asserting any rights or option it had under the policy and deprived plaintiffs under the circumstances of this case of any right to assert a claim under the policy. The only remedy, if any, either party thereafter had was for breach of the new or substituted contract. (*Morrell* v. *Irving Fire Insurance Company*, 33 N. Y. 429; *Wynkoop* v. *Niagara Fire Insurance Company*, 91 N. Y. 478; *Heilmann* v. *Westchester Fire Insurance Company*, 75 N. Y. 7.)

The order of the Appellate Division should be reversed, with costs to appellant in the Appellate Division and this court, and the judgment entered at Trial Term affirmed.

CHASE, COLLIN, POUND and CRANE, JJ., concur; ANDREWS, J., concurs in result; HISCOCK, Ch. J., absent.

Order reversed, etc.