MICHAEL JABLONSKI, PLAINTIFF-APPELLANT, v. THE GIRARD FIRE AND MARINE INSURANCE COMPANY OF PHILADELPHIA, A CORPORATION, DEFENDANT-RE-SPONDENT.

Argued May 16, 1934—Decided September 27, 1934.

For the plaintiff-appellant, *Isadore Rabinowitz.*

For the defendant-respondent. *Lum, Tamblyn & Colyer* (*James Raymond Berry,* of counsel).

The opinion of the court was delivered by

KAYS, J. This is an appeal from a judgment entered in the Supreme Court in favor of the defendant and against the plaintiff. The case was tried at the Passaic Circuit before a Circuit Court judge and a jury and the jury rendered a verdict of no cause of action in favor of the defendant.

The suit was brought to recover damages for loss by fire to certain personal property in the grocery and butcher store of the plaintiff at 41 Washington avenue, Paterson, New Jersey. The defendant, insurance company, had a contract

of insurance on this property of the plaintiff. The loss claimed was about $2,800 which the insurance company refused to pay. The fire occurred on August 19th, 1931, and proof of loss was filed on October 1st of the same year. A demand for arbitration was made by the plaintiff. The insurance company disclaimed any liability and refused to arbitrate. A rule to show cause was allowed after the verdict reserving errors of law. This rule was discharged by the trial court and the case now comes here on review of the legal errors which appellant claims exist.

It is claimed by counsel of the appellant that the court erred in refusing to charge the jury as follows: "Even if you find that insured failed to protect the property from further damage after the fire, this cannot defeat his right to recover under this policy except for such of the property as could have been saved by the use of reasonable means at his command." The policy of insurance contained the following provision: "If fire occur the insured shall give immediate notice of any loss thereby in writing to this company, protect the property from further damage, forthwith separate the damaged and undamaged personal property, put it in the best possible order, make a complete inventory of the same, stating the quantity and cost of each article and the amount claimed thereon." The answer set up a violation of this provision in the policy. There was testimony in the case that after the fire the premises had been abandoned and left open to the weather and the contents thereof were thereby exposed. There was also a provision in the policy that no suit or action on the policy for the recovery of any claim should be sustainable in any court of law or equity until after full compliance by the insured with all the foregoing requirements, one of which requirements was the clause above quoted. The question, therefore, presented on this point is whether the policy in question was void as to the plaintiff by reason of his failure to protect the property after the fire and whether such failure would defeat the right to recover for the property which was entirely destroyed by fire and property which had been damaged by the fire except such of the property as could

have been saved by the use of reasonable means at the command of the plaintiff. If the policy was void as to the plaintiff by reason of such failure or if the plaintiff could not recover for any fire damage by reason of his failure to protect the property after the fire, then the refusal of the court to charge the above request was proper. Our examination of the law discloses that the question has never been decided in this state. This court has, however, repeatedly held that it will not construe a clause to effect a forfeiture if it can be reasonably sustained. Plaintiff's testimony in regard to the protection of the property was to the effect that some of the goods were placed in an ice box, some were stolen and the fixtures were put in a shed in the rear of the premises, which had been damaged by fire, covered with burlap and afterward removed to his home. He also testified that he boarded up the damaged premises and visited them every night. Unquestionably the plaintiff suffered a loss. The plaintiff employed an accountant to check up the inventory of the damaged property. The Supreme Court of Rhode Island in the case of *Messler* v. *Williamsburg City Fire Insurance Co.* 108 *Atl. Rep.* 832, had a similar question before it. The trial court refused to charge as follows: "It was the duty of the insured Arnold C. Messler, in the event of the occurrence of fire, to protect the property from further damage and to put the property in the best possible order, and, if it be found that the plaintiff did not do these things, the jury must return a verdict for the defendant." The court in that case said that such request was properly refused and referred to the case of *German-American Insurance Co.* v. *Brown, 75 Ark.* 259; 87 *S. W. Rep.* 135, in which the Arkansas court held that the effect of such neglect on the part of the insured only prevented the recovery of so much of the property as could have been saved by the use of reasonable means at his command. The policy in the German-American Insurance Co. case was to the effect that the company would not be liable for loss caused by neglect of the insured to use all reasonable means to save and preserve the property at and after the fire. The court further said that this language could not be interpreted to

mean that a negligent failure to use such means to save the property worked a forfeiture of the entire policy. The case of *Gage* v. *Connecticut Fire Insurance Co.*, 34 *Okla.* 744; 127 *Pac. Rep.* 407, held that it was error for the trial court to direct a verdict for the defendant because of the failure of the insured to protect the property and said, in effect, that failure to do so would not destroy his right of action entirely but would only affect the amount of his recovery. 26 *Corp. Jur.* 365, § 467, states the following rule of law: "Under some policies, where there is a partial loss, unless the insured uses all reasonable and proper means for the security and preservation of any property covered by the policy and not destroyed, he cannot recover for any increase of the loss which is due to his negligence in this regard."

It is a well established rule, as above mentioned, that policies of insurance will be liberally construed to uphold the contract and that conditions contained therein which create forfeitures will be construed most strongly against the insurer. A court will never seek a construction of a policy which will invalidate it if it can be reasonably construed in favor of the insured. *Rockmiss* v. *New Jersey Manufacturers Association Fire Insurance Co. et al.*, 112 *N. J. L.* 136. There are, however, some courts which have held to the contrary in respect to the clause in question under the policy sued upon. The weight of authority, however, and we think the better rule, is to the effect that such a clause will not invalidate or void a policy, and that the failure of the insured to protect the damaged property after a fire will only affect the amount of recovery to the extent of the damage which occurred after the fire by reason of the insured's failure to use reasonable means at his command for its protection.

We are, therefore, of the opinion that the trial court erred in refusing to charge this request of the plaintiff.

As to the other points raised by appellant for reversal, we see no merit.

The judgment under review is, therefore, reversed, to the end that a *venire de novo* may issue.

*For affirmance*—PARKER, CASE, BODINE, WELLS, JJ.  4.

*For reversal*—THE CHANCELLOR, CHIEF JUSTICE, TREN-
CHARD, LLOYD, DONGES, HEHER, PERSKIE, VAN BUSKIRK,
KAYS, HETFIELD, DEAR, JJ.  11.