HENRY WYNKOOP, Executor, etc., Respondent, *v.* THE NIAGARA
FIRE INSURANCE COMPANY, Appellant.

A policy of insurance against loss by fire or lightning, issued by defendant
contained this clause : " In case differences shall arise, touching any loss
or damage, after proof thereof has been received, in due form, the
matter shall, at the written request of either party, be submitted
to impartial arbitrators." And it was provided that no suit upon the
policy should be brought against the company until after an award, " fix-
ing the amount of such claim, in the manner above provided." The
policy gave to defendant the option, in case of loss, " to repair, rebuild,
or replace the property." A loss having occurred, defendant, under this
option clause, elected to repair and restore the building insured to its
former condition, and, after doing some work, informed the insured that
the repairs were finished. The insured, claiming the repairs to be
insufficient, made and served proofs of loss. Defendant orally requested
the insured to arbitrate the question of damages, and after commence-
ment of this action upon the policy, offered, in writing, to arbitrate ;
these offers were refused. *Held*, that the said refusal was not a defense ;
that defendant, having the right to determine the manner in which it
would perform, and having elected to repair, this involved not only

a rejection of the right to discharge its liability by the payment of damages, but also of those provisions of the contract having reference to that method of performance ; that from the time of such election, the contract became simply an undertaking, on the part of the defendant, to restore the building insured to its former condition, and the measure of damages for a breach thereof did not necessarily depend upon the amount of damages inflicted by the peril insured against ; and that, therefore, the provision as to arbitration was rendered inoperative by the election to repair.

Also *held,* that the testimony of experts called by the plaintiff, estimating the value of the different kinds of work and materials required to put the building in as good a condition as it was before the injury, was properly received.

(Submitted February 1, 1883 ; decided March 6, 1883.)

APPEAL from judgment of the General Term of the Supreme Court, in the third judicial department, entered upon an order made May 2, 1882, which affirmed a judgment in favor of plaintiff, entered upon a verdict.

This action was brought upon a policy of insurance issued by defendant to plaintiff's testator, insuring his dwelling-house against loss by fire or lightning.

The material facts are stated in the opinion.

*J. E. Dewey* for appellant. The unqualified and absolute refusal of the assured before suit to allow the amount of the claim to be ascertained, in the manner provided, was a waiver of any written request. (*Carrol* v. *Charter Oak, etc.,* 1 Abb. Ct. of App. Dec. 316 ; affirming 40 Barb. 292; *Root* v. *Wagner,* 30 N. Y. 17; *Chyfe* v. *Elmer,* 45 id. 102.) Contracts to arbitrate as to the amount are binding, and may even be a condition precedent to the right to bring an action where the amount is in question. (*Pres't, etc.,* v. *Penn. Coal Co.,* 50 N. Y. 258, 260, 264, 270; *Cases Collected,* 16 Albany Law Jour. 464.) Where a certain mode is fixed by the parties, for ascertaining the amount to be recovered, the party who seeks to enforce the agreement must show that he has done every thing on his part which could be done to carry it into effect. (*U. S.* v. *Robison,* 9 Peters, 327; *Davenport* v. *Long Island*

*Ins. Co.*, 15 N. Y. Weekly Dig. 62–3 ; *Youmans* v. *Ins. Co.*, 5 Ins. Law Jour. 858 ; *Mentz* v. *Arm. Fire Ins. Co.*, 21 Am. Rep. 82.)    Plaintiff, having remained silent when he should have spoken as to any defect in the repairs, will be viewed as if he had released the company from all claim for any alleged deficiency.    (*Twinam* v. *Swart*, 4 Lans. 267 ; *Meyer* v. *Knickbocker Ins. Co.*, 73 N. Y. 528 ; 55 id. 511, 512.)    In equity where a man has been silent when in conscience he ought to have spoken, he shall be debarred from speaking when conscience requires him to be silent.    (Bigelow on Estoppel [Boston ed. 1872], 501 ; *Hau* v. *Fisher*, 9 Barb. 31, 32 ; *Niven* v. *Belknap*, 2 Johns. 589 ; *Hope* v. *Lawrence*, 50 Barb. 264, 265 ; *Floyd* v. *Lee*, 45 Ill. 277.)

*T. F. Bush* for respondents.    By the defendant's election to repair the building the contract of insurance was superseded by a new contract for repairs.    (*Merrill* v. *The Irving Ins. Co.* 33 N. Y. 429 ; *Beales* v. *The Home Ins. Co.*, 36 id. 522 ; *Heilman* v. *The Westchester Ins. Co.*, 75 id. 7.)    The provision for an arbitration contained in the policy is collateral to the main contract for insurance, and has no reference whatever to damages resulting from a breach of contract to build or repair. (*Gibbs* v. *Continental Ins. Co.*, 13 Hun, 614.)    The issue made by the defendant being as to its liability could not be the subject of arbitration.    (*Robinson* v. *Gurges Ins. Co.*, 17 Me. 131; *Mentz* v. *Armenia Ins. Co.*, 79 Penn. St. 478; *Hurd* v. *Litchfield*, 39 N. Y. 379.)

RUGER, Ch. J.    The defendant upon the trial in various forms raised the question whether there could be a recovery in this action after the refusal of the plaintiff's testator to arbitrate the claim for damages arising under the policy of insurance upon which it was brought.

The plaintiff sued upon a policy of insurance against loss by fire and lightning to the house of plaintiff's testator.    The policy contained the following provisions ; " In case differences shall arise touching any loss or damage, after proof thereof has

been received in due form, the matter shall, at the written request of either party, be submitted to impartial arbitrators."

"It shall be optional with the company to repair, rebuild or replace the property with other of like kind and quality within a reasonable time."

"It is furthermore expressly provided and agreed that no suit or action against this company for the recovery of any claim by virtue of this policy shall be sustainable in any court of law or chancery until after an award shall have been obtained, fixing the amount of such claim in the manner above provided."

The evidence showed that the house of the insured was struck by lightning on the 3d day of June, 1876, and tended to show that it was seriously injured. The defendant soon thereafter, under the option clause of the policy, elected to repair the injury and restore the house to its former condition. A carpenter was employed by it to make the repairs, and after about one day's labor the defendant informed the insured that it had completed the restoration ; some time afterward a mason was also employed to do work on the house and the insured was again informed that the repairs were finished. The insured always claimed that the repairs were insufficient, but declined to point out wherein the insufficiency consisted. After such attempted repairs were declared finished, and about the 26th day of August, 1876, the plaintiff's intestate duly made out and served proof of loss upon the defendant.

This action was commenced in November thereafter, and tried in May, 1881.

It appeared in evidence that the defendant's agent at some time after the injury occurred orally requested the insured to arbitrate the question of damage, which he declined to do.

The exact time when this offer was made does not appear, but it seems fairly inferable from the evidence that it was after the defendant elected to repair. It also appears, that twice after this action was commenced the defendant offered

in writing to arbitrate the question of damage with the plaintiff or his testator, which offers were respectively declined.

We do not think that any of the exceptions taken by the defendant to the rulings of the court below in declining to hold that the refusal of the insured to arbitrate was a defense to this action, were well taken. The insurers had the right to determine the manner in which they would perform their contract, and this right did not depend upon the assent of the insured. Neither his assent nor dissent could affect the power of the defendant under the contract.

. The rights of the parties rested altogether in contract and the defendant assumed the responsibility of performing it according to its terms, subject to the right of the insured to damages for any breach of performance. The defendant in case of liability arising against it upon its contract had an option as to the manner in which it would discharge such liability. One mode looked to the compensation of the insured by the payment of damages for his loss, and the other to the restoration of the subject of insurance to its former condition. It could not have been contemplated by the parties that both methods of performance were to be pursued. The selection by the defendant of one of these alternatives necessarily constituted an abandonment of the other. The election of the privilege of restoration involved the rejection not only of the right to discharge its liability by the payment of damages to the insured, but also of those provisions of the contract having reference to that method of performance. From the time of such election the contract between the parties became an undertaking on the part of the defendant to build or repair the subject insured and to restore it to its former condition, and the measure of damages for a breach of the substituted contract did not necessarily depend upon the amount of damages inflicted upon the house by the peril insured against. These views have frequently been expressed by this court. In *Morrell* v. *Irving Fire Ins. Co.* (33 N. Y. 429) the company had availed itself of its option to restore the premises injured. DENIO, J., said: "The contract then became one for rebuilding,

and the obligation which looked to the payment of money became obsolete and inapplicable, and the case then became the same which it would have been if the contract had obliged the defendant simply to rebuild in case of loss." To similar effect are the cases of *Beals* v. *The Home Ins. Co.* (36 N. Y. 522), *Heilmann* v. *Westchester F. Ins. Co.* (75 id. 9). Without considering the effect of the non-compliance by the defendant with the terms of the contract requiring a written request to arbitrate before suit brought, or the service of written requests after suit brought, it is sufficient to say that these provisions of the contract were rendered inoperative by the election of the defendant to adopt the alternative method of performance provided by that instrument. We can see no ground of objection to the method adopted by the plaintiff of proving his damages arising under the contract sued upon. No objection is raised to the competency of expert evidence for this purpose, and the only grounds of objection stated are that the inquiries were too general and not the proper measure of damage. The various questions objected to called for estimates by experts upon the value of the different kinds of work and materials required to put the building injured in as good a condition as it was before its injury by lightning. We think the questions objected to were based upon the correct rule of damages and were proper in form. See cases above cited.

The judgment should be affirmed.

All concur.

Judgment affirmed.