THE CLIFTON COAL COMPANY v. THE SCOTTISH UNION & NATIONAL INSURANCE COMPANY OF EDINBURGH, Appellant.

Insurance: INCUMBRANCE CLAUSE. A mortgage drawn, but never
1   delivered to or for the mortgagee, is not an incumbrance, within a provision avoiding a fire policy in case the property is incumbered by a mortgage.

SALE OF PROPERTY: *Subsequent consent of insurer.* A transfer of
2   the property insured, subject to the consent of the insurer, does not avoid the policy, where such consent is given on the same day by indorsement on the policy, which is then assigned to the transferee.

VACANCY CLAUSE   At the time a policy on an elevator building,
3   with tools and machinery, was issued, the elevator was not in use for hoisting purposes (the insurer being informed that it would not be so used again), but was then, and at the time of the fire, used as a storehouse for the tools and machinery, preparatory to their removal to a new plant' *Held*, that the elevator was not vacant or unoccupied, within a clause of forfeiture in case it should so become and remain for ten days.

INCREASE OF HAZARD. The removal of an engine from the building,
4   during the continuance of the policy did not increase the risk.

*Appeal from Polk District Court.*—HON. C. P. HOLMES, Judge.

WEDNESDAY, MAY 19, 1897.

ACTION at law on a policy of insurance to recover for a loss alleged to have been covered by it. There was a trial by the court without a jury, and a judgment for the plaintiff. The defendant appeals.— *Affirmed.*

*Barcroft & McCaughan* for appellant.

*Bishop, Bowen & Fleming* for appellee.

ROBINSON, J.—On the thirteenth day of April, 1894, the defendant issued to the Coon Valley Fuel Company the policy in suit. It insured the fuel company against loss or damage by fire to the amount of one thousand dollars on a certain elevator building, engine, and fixtures, and other machinery, appurtenances, and property of various kinds then owned by the insured, and situated on a tract of land described, in Polk county. In May, 1894, the fuel company sold the property insured to the plaintiff, and assigned to it the policy of insurance. The defendant was notified of the sale, and consented to the transfer, by an indorsement in writing made on the policy. In the latter part of the same month, nearly all of the property covered by the policy was destroyed by fire, and this action is brought to recover the amount of the policy. The defendant pleaded several defenses, but the district court rendered judgment in favor of the plaintiff for the amount of its loss.

I. The policy provides that it shall be void "if the insured has concealed or misrepresented, in writing or otherwise, any material fact or circumstance concerning this insurance or the subject thereof, or if the interest of the insured in the property be not truly stated herein, * * * or if the subject of the insurance be personal property, and be or become incumbered by a chattel mortgage." The defendant contends that the policy was void under these provisions, for the reason that the fuel company represented to the defendant that the property covered by the policy was unincumbered at the time the policy was issued, when the truth was the property was then incumbered by a chattel mortgage, the existence of which was concealed from the defendant. It appears that a mortgage on the insured property had in fact been drawn, but it is shown beyond question that it

was never delivered to or for the mortgagees, and that it never became effectual. It was not, therefore, a mortgage or other incumbrance, within the meaning of the policy, and did not in any manner affect the title to the property insured.

II. It is claimed that the policy became void by the transfer of the property, and also a transfer of the policy; that the transfer of the property was made before the policy was transferred, in consequence of which the pol'cy became void; and that the consent of the defendant to its transfer did not revive it. The reasoning of the appellant on this point is hardly satisfactory. The petition alleges that the interest of the fuel company in the property insured was assigned to the plaintiff, subject to the consent of the defendant, and that on the same day such consent was given. The answer does not deny these allegations, and admits that the policy was assigned to the plaintiff, with the consent of the defendant. There could have been but one purpose in the assignment of the policy, and the consent of the defendant thereto, which was to continue the policy in force for the benefit of the plaintiff, and that was done

III. The policy provides that it shall be void "if the building herein described, whether intended for occupancy by owner or tenant, be or become vacant or unoccupied, and remain so ten days." The appellant contends that the elevator was vacant after the policy was issued, and before the fire, for more than ten days, within the meaning of that provision. The facts in regard to this matter seem to be as follows: When the policy was issued, the elevator was not in use for hoisting coal, and had not been so used for nearly a year. The fuel company was preparing a new shaft and plant, and in August or September, 1893, had moved the top works of the old plant to the new one. After the policy was issued,

the engine was removed from the elevator insured, but other property covered by the policy remained therein. While the policy was in force the elevator was used as a place in which to store machinery, tools, ropes, and various other articles. That was the use which was being made of the elevator when the policy was issued, and there was testimony which tends to show that the defendant was fully informed at that time with respect to the condition and use of the elevator, and that it would not be used again for hoisting coal. The removal of the engine did not change the character of the risk. The evidence was ample to authorize the district court to find that the elevator was not at any time vacant, within the meaning of the policy. *Woodruff v. Insurance Co.,* 83 N. Y. 134; *Short v. Insurance Co.,* 90 N. Y. 16; *Devine v. Insurance Co.,* 32 Wis. 471. We find no reason for disturbing the judgment of the district court, and it is AFFIRMED.