KNOX-BURCHARD MERCANTILE COMPANY v. HARTFORD FIRE INSURANCE COMPANY and Others.[1]

May 7, 1915.

Nos. 19,168—(95).

**Insurance — waiver of arbitration of loss.**

1. In an action to recover upon fire insurance policies issued to plaintiff by the several defendants, it is *held* that the findings of the trial court that defendants waived an arbitration of the loss is sustained by the evidence.

**Depreciation in value of stock — competent evidence.**

2. There was evidence tending to show a depreciation in value of the insured property between the date of purchase and the time of the fire; plaintiff claimed that there was no such depreciation and tendered evidence of the amount of the loss upon that basis. It is *held* that the evidence was competent, and the admission thereof was not error.

[1] Reported in 152 N. W. 650.

**Measure of damages — failure to ask for instruction.**

3. If there was in fact a depreciation in value defendants had the right to a submission of the question to the jury for consideration in determining the amount of plaintiff's loss, but no request to so submit the question was made. There was therefore no error upon the issue of the measure of plaintiff's recovery.

**Expert evidence.**

4. The court did not err in holding that certain expert witnesses were competent and qualified to express an opinion upon the issue of the damage to the property.

**Replacement of stock — waiver of right.**

5. The insurance policies covered a stock of goods, clothing and men's furnishing goods; it is *held*, that if the insurance companies had the right to replace the damaged stock, they should have promptly given notice of an intention to replace, and that by failing to give the same and demanding an appraisement of the loss, the right of replacement, if it existed at all, was waived.

**Disposal of damaged goods.**

6. Plaintiff did not forfeit its rights under the policies by removing and disposing of the damaged goods, having first given defendants a reasonable opportunity to examine the same, of which opportunity advantage was taken by them.

Action in the district court for Ramsey county upon insurance policies of eight insurance companies to determine the damage to plaintiff's stock of merchandise from a certain fire, and when ascertained to apportion the same among defendant companies. The case was tried before Olin B. Lewis, J., who denied defendants' motion for judgment on the pleadings, and submitted to the jury the question of the amount of plaintiff's damage. The jury returned a verdict for $13,279.39. The court made amended findings in favor of plaintiff, and apportioned the amount of the verdict among the several defendants. From an order denying their motion for a new trial, defendants appealed. Affirmed.

*Todd & Kerr,* for appellants.

*O'Brien, Young & Stone,* for respondent.

BROWN, C. J.

This action was brought to recover upon policies of insurance issued to plaintiff by the several defendants insuring its stock of merchandise against loss or damage by fire. Plaintiff had judgment and defendants appealed from an order denying a new trial.

The appeal presents the questions: (1) Whether there was a waiver on the part of defendants of the right of arbitration; (2) whether an incorrect theory of damages was made the basis of plaintiff's recovery; (3) whether the court erred in the admission of certain expert testimony in reference to the damages suffered by plaintiff; and (4) whether, by the removal of the damaged goods from the building in which the fire occurred, plaintiff deprived defendants of any right given by the law or the insurance contract? The questions will be disposed of in the order stated, coupled with such statements of facts as will be necessary to an understanding of each.

1. The trial below was before the court and a jury, though with the consent of the parties one question only was submitted to the jury, namely, the amount of plaintiff's loss; all other issues were determined by the court. One of the principal contentions on the trial was that no arbitration of the loss was had as stipulated in the policies and as provided for by statutes, and for this reason that plaintiff could not recover. Plaintiff claimed that defendants waived the right of arbitration. This issue was submitted to the court and decided adversely to defendants. The facts in reference to this branch of the case are substantially as follows:

The fire causing the damage for which recovery is sought occurred on the night of February 9, 1914. The property consisted of clothing and men's furnishing goods; of considerable value and in many respects badly damaged. Defendants were promptly notified of the fire, and further that the damaged goods would be removed from the building on February 24. To this removal defendants objected, and insisted that the goods remain in place, to the end that the appraisers could inspect and examine them in determining the extent of the damage thereto. To this plaintiff replied that the goods were being kept in the building at great inconvenience and expense and precluded necessary steps looking to a repair of the building which were impera-

tive and necessary. Thereafter, on February 16, defendants designated C. S. Silke as a referee, to act for them in the matter of arbitration, and requested a like designation by plaintiff. On February 23, at the instance of defendants, Silke, and other persons who were produced on the trial as witnesses for defendants on the issue of the amount of the loss occasioned by the fire, proceeded to the building and made a full and careful examination of the damaged goods, for the purpose of enabling Silke to qualify as an appraiser in the event that the goods were removed as contemplated by plaintiff. No objection was made by plaintiff to this examination, but immediately thereafter, on the same day, plaintiff did object to the appointment of Silke as a referee on the ground that having, at the instance of defendants, made an *ex parte* examination of the insured property, and also estimates of the loss and damage thereto, he was disqualified to act as an impartial appraiser. The appointment of Silke was not withdrawn, or other person named in his place, and plaintiff declined to recognize him in the matter. Defendants insisted upon the appointment and demanded of plaintiff the appointment of a referee to represent it in the adjustment of the loss, and notified plaintiff that, unless such appointment was made, application therefor would be made to the court. On February 28, and within the time fixed by the contract, plaintiff selected and appointed George R. O'Reilly to act as one of the referees. This appointment and selection was objected to by defendants on the ground that O'Reilly was an attorney at law and therefore disqualified. They refused to recognize him in the matter and subsequently brought proceedings in court by which it was sought to have his disqualification judicially declared. The court held that O'Reilly was not disqualified, and the decision was affirmed in this court. 125 Minn. 374, 147 N. W. 242. Prior to that proceeding O'Reilly, acting for plaintiff, conferred with Silke in reference to the selection of the third member of the board of arbitrators. Silke, under direction from defendants, refused to recognize O'Reilly, or to act with him in the completion of the board. O'Reilly made two efforts in this respect and on each occasion Silke refused to act with him. O'Reilly represented plaintiff and his recognition of Silke as a referee was undoubtedly a waiver of the first objection made by

plaintiff. A final decision in the proceeding to test the qualifications of O'Reilly was not rendered until late in May. The goods remained in the building, subject to examination, until early in March, when plaintiff removed them. After defendants had on two occasions expressly declined to recognize O'Reilly as an appraiser, and after the commencement of the court proceedings to test the question of his eligibility, plaintiff on March 27 brought this action to recover upon the policies, acting on the theory that defendants had waived an arbitration by refusing to act with O'Reilly, and by threatening a long delay in the adjustment of the loss by and through the court proceedings, which necessarily would postpone an adjustment for an uncertain time.

The trial court, upon these facts, held that there was a waiver of arbitration by defendants. We find no sufficient reason for disapproving that conclusion. The conduct of defendants throughout the matter indicated no purpose to secure a prompt and impartial appraisement of the loss. They selected an appraiser and dispatched him, with others, to the premises to make an *ex parte* investigation of the loss and of the damages suffered. If this act on their part did not, as a matter of law, disqualify the person so selected to act as a referee, clearly it rendered him presumptively a partisan in the matter, and defendants should have acquiesced in the objection to his continuance as an arbitrator. The fact that plaintiff intended to remove the goods from the building was no sufficient excuse for insisting upon Silke as a referee. Defendants had full notice of this intention and ample opportunity was afforded them to send some person other than their chosen arbitrator to make an investigation into the loss. It was not necessary, on the facts here disclosed, that plaintiff keep the damaged goods in the building for inspection by the arbitrators, though they could not properly be removed without giving the defendants a reasonable opportunity to investigate the loss. This follows necessarily from what the court held in Christianson v. Norwich Union Fire Ins. Co. 84 Minn. 527, 88 N. W. 16, 87 Am. St. 379. Defendants' own conduct therefore clearly made Silke their partisan, yet they insisted that he act as one of the referees. This could not have been in the interests of an impartial arbitration. Defend-

ants objected to and refused to act with O'Reilly, selected by plaintiff, and the objection was without merit. It is probable that this objection was made in good faith; that the subsequent court proceedings were also in good faith, at least insofar as defendants' attorneys were concerned. But this does not necessarily and as a matter of law change the situation in point of substance. The objection to O'Reilly was not valid, and the court proceeding tended only to delay the adjustment of the loss. In face of the fact that defendants insisted upon retaining a partisan arbitrator, and without valid reason objected to and declined to co-operate with plaintiff's referee, and then further delayed the matter by the court proceedings, the trial judge might well have concluded that their conduct was not in good faith, and that there was an absence of a *bona fide* effort to secure a speedy and impartial adjustment of this loss. While it is true that to justify the conclusion that a right, given either by contract or the law, has been waived, an intention to waive the right must be made to appear either expressly or by fair implication, yet the law does not require that any particular facts be shown in order that a waiver may be found. Any conduct on the part of the person entitled to insist upon the right which is inconsistent with an intention to claim it may amount to a waiver as a matter of law; the intent to waive being a matter of legal inference from the disclosed inconsistent conduct. 29 Am. & Eng. Enc. (2d ed.) 1095. And it has been held that, where there has been an arbitrary and unfair refusal to recognize a referee selected by one of the parties to the insurance contract, the party so objecting is deemed to have waived the right of arbitration. O'Rourke v. German Ins. Co. of Freeport, 96 Minn. 154, 104 N. W. 900. In the case at bar defendants not only insisted upon retaining their partisan referee, but further arbitrarily refused to treat with O'Reilly, a qualified person selected by plaintiff, and delayed settlement of the loss by litigating the question of O'Reilly's qualifications in special court proceedings. The only objection to O'Reilly was that he was an attorney at law. It was not a valid objection. The additional objection, not made at the time, that O'Reilly was at some prior date the attorney for plaintiff in a particular case, is without force.

We therefore hold that the court was right in concluding and deciding that defendants by their conduct waived their right of arbitration.

2. It is further contended that an improper basis for the estimate of damages was adopted on the trial, to the substantial prejudice of defendants. This contention does not require extended discussion. Defendants insisted on the trial that the depreciation in the value of the goods, occurring between the date of purchase and the date of the fire should be taken into consideration in determining plaintiff's loss. Evidence was offered tending to show that goods of the character of those here insured naturally depreciate in value from various causes, and objection was made to the opinion of experts as to the value of the goods before and after the fire unless consideration was given to such depreciation. The objections were overruled. In this we discover no error. Plaintiff's case proceeded on the theory that there was no depreciation in the value of the goods, and that they were worth as much on the day of the fire as on the day they were purchased. Plaintiff had the right to present its case on this theory. Defendants of course could on cross-examination bring out the claimed depreciation, and their counsel did so. But there was no request for instructions to the jury upon the subject, and in its charge the court made no reference to this claim. If counsel were of opinion that the depreciation in value was of sufficient consequence to require attention in fixing the amount of plaintiff's loss, the court should have been requested to submit the matter to the jury. No such requests were made, and the objection to the evidence furnishes no sufficient basis for a reversal. On plaintiff's theory of the case the evidence was competent.

3. Plaintiff called two witnesses as experts and they were permitted over the objection of defendants to express their opinions as to the amount of the damage to the goods alleged to have been injured and destroyed. The contention of defendants that the trial court was in error in holding that the witnesses were competent as experts is not sustained. The question of the competency and qualification of an expert witness is a matter resting in the sound judgment and discretion of the trial court. We find no reason for holding that the court erroneously exercised its judgment or abused its dis-

cretion in holding that the witnesses were competent and qualified. Stevens v. City of Minneapolis, 42 Minn. 136, 43 N. W. 842, 3 Notes on Minn. Reports 201.

4. Immediately following the fire plaintiff notified defendants that the damaged goods would be removed from the building on the twenty-fourth of February, and requested defendants if they desired, to examine the same prior to that date. Defendants accepted the invitation, and caused a thorough examination to be made as heretofore stated. Yet defendants expressly objected to a removal of the goods "until the loss and damage has been adjusted either by agreement * * * or by appraisers as provided for by the terms and conditions of your policies." In connection with this objection defendants further demanded that the question of the loss and damage be submitted to appraisement. Notwithstanding this objection plaintiff removed the goods, but not until March 3, and they were subsequently disposed of within 60 days from the date of the fire.

Defendants contend that they were entitled under the insurance contract to replace the damaged goods with a new stock, that they were deprived of that right by plaintiff through the removal and sale of the same and that by such sale and removal plaintiff forfeited its right to recover. This contention is not sustained. If defendants had the right suggested, namely, to replace the damaged goods, a question we do not consider or decide, it was their duty to assert it promptly and declare their intention in that respect. Instead of doing this, when notified that plaintiff intended to remove the goods from the building, defendants interposed a demand for the arbitration of the loss. In this situation it is clear that defendants waived the right to replace the goods, if they possessed any such right at all. 19 Cyc. 888; Elliott v. Fire Ins. Co. 109 Iowa, 39, 79 N. W. 452.

Nor was there a forfeiture of the right to recover by plaintiff's act in removing and disposing of the goods after the fire. Defendants were informed of the necessity of the removal to enable repairs to be made upon the building; the goods were water soaked and in badly damaged condition, and to have retained them in place until after an arbitration was had would result only in their further damage, and probable total loss; for their condition tended toward rapid deterior-

ation in value.  Defendants were given a reasonable opportunity to inspect and examine the goods, and their representatives made such examination.  There is no suggestion in the record that the removal was to conceal the extent of the damage or otherwise to deprive defendants of an opportunity to ascertain the extent of their liability. Defendants therefore were in no way prejudiced by the act of plaintiff in removing and disposing of the goods, and there is no basis on which to declare a forfeiture by plaintiff of rights under the contract.

Order affirmed.