# LOUIS CUSSLER, JR. v. FIREMEN'S INSURANCE COMPANY OF NEWARK, NEW JERSEY.[1]

No. 30,228.

April 18, 1935.

*Mortimer H. Boutelle* and *Herbert W. Rogers,* for appellant.
*Clyde F. Bort,* for respondent.

STONE, JUSTICE.

Tried without a jury, this action on a valued fire insurance policy resulted in an order for judgment for plaintiff for the full amount of the insurance, $6,000. Defendant, the insurer, appeals from the order denying its alternative motion to amend the findings of fact and conclusions of law in its favor or for a new trial.

[1]Reported in 260 N. W. 353.

The policy, in the Minnesota standard form, covered a summer cottage on Lake Minnetonka. The loss was total, resulting from fire October 18, 1931. There was also a $300 coverage of personal property. That item is not in issue. Plaintiff furnished defendant his sworn statement of the loss November 13, 1931. November 27 defendant served upon plaintiff proper and timely notice of its intention to rebuild the cottage instead of paying the stipulated insurance. Although defendant made every effort possible to have plaintiff furnish plans and specifications for the new building, he has refused to do so. Proceeding as best it could without the aid requested from plaintiff or any other, defendant employed a qualified building contractor, who prepared a working plan and a bill of materials for the proposed new cottage. (A photograph, not furnished by plaintiff, gave the externals of the building, and the foundation indicated its dimensions.) Although they were submitted to plaintiff, he neither approved them nor suggested change or addition. That his testimony admits. There was neither proof nor attempted proof that the plan and materials proposed to be used by defendant in the rebuilding would not have given plaintiff a structure of general likeness and equal fitness and in all respects as "serviceable and valuable as before the fire." Globe & Rutgers Ins. Co. v. Prairie O. & G. Co. (C. C. A.) 248 F. 452, 457. Neither in evidence nor out of it is there claim of defect in plan or materials. Defendant's efforts to get at a satisfactory working plan and such specifications as were needed, if not all that they should be, failed in that respect solely because of plaintiff's refusal to coöperate. If any details were lacking, it was his fault and not that of defendant.

This action on the policy was commenced in April, 1932. There was then pending here Curo v. Citizens Fund Mut. F. Ins. Co. 186 Minn. 225, 242 N. W. 713, wherein there arose for the first time in this state the question whether, under a valued fire insurance policy in the Minnesota standard form, the insurer has the right in case of loss or damage to a building, to rebuild or repair. The question was decided in the affirmative May 27, 1932. Because of the pendency of that case, it was agreed between counsel in this one

that defendant's answer might be delayed "until such time as the decision in the Curo case is handed down by the supreme court." Accordingly, the answer was not served until after the decision in the Curo case. The defense was that defendant was not liable on the policy because it had made timely election to rebuild. Negotiations for a settlement were brought to an end by a letter written on behalf of plaintiff by his counsel wherein defendant was informed explicitly that if it did rebuild it would do so "positively" at its own risk. Plaintiff's reply to the answer reiterated that if defendant "did rebuild it would do so at its own peril." Naturally, in that situation, defendant did not proceed with the rebuilding.

■ As provided by the policy, the language of which in this respect is that of the legislature rather than the insurer, the insurer had the contract right to elect to rebuild. That right was confirmed by our decision in the Curo case.

"Upon electing to rebuild, the former contract of insurance is discharged, and the parties are deemed to have made a new agreement, under which the insurer undertakes to restore the building to its former condition. Therefore, after such election, the insured cannot bring any action upon the policy." Vance, Insurance (2 ed.) § 207.

That is settled law. The leading case seems to be Morrell v. Irving F. Ins. Co. 33 N. Y. 429, 88 Am. D. 396. In accord are Zalesky v. Iowa State Ins. Co. 102 Iowa, 512, 70 N. W. 187, 71 N. W. 433 (followed in Cocklin v. Home Mut. Ins. Assn. 207 Iowa, 4, 222 N. W. 368) ; Beals v. The Home Ins. Co. 36 N. Y. 522; Wynkoop v. Niagara F. Ins. Co. 91 N. Y. 478, 43 Am. R. 686; Hartford F. Ins. Co. v. Peebles' Hotel Co. (C. C. A.) 82 F. 546, 548; Globe & Rutgers Ins. Co. v. Prairie O. & G. Co. (C. C. A.) 248 F. 452.

After such an election by the insurer, "no action will lie on the policy to recover the money indemnity therein stipulated." Hartford F. Ins. Co. v. Peebles' Hotel Co. 82 F. 546, 548. The character of the change which takes place upon the insurer's proper election to rebuild is illustrated in Wynkoop v. Niagara F. Ins. Co. 91 N. Y. 478. In that case the plaintiff sought damages for improper per-

formance by the insurer in making repairs to a building damaged by fire and served the usual proofs of loss. The insured thereupon demanded an arbitration of the question of damages under the policy. Arbitration was refused by the insured. It was held that the contract of insurance was out of the case with its provision for arbitration and that the measure of damages for breach of the undertaking to rebuild did not depend upon damages inflicted by the peril insured against. The court said [91 N. Y. 482]:

"The election of the privilege of restoration involved the rejection not only of the right to discharge its liability by the payment of damages to the insured, but also of those provisions of the contract having reference to that method of performance. * * * The measure of damages for a breach of the substituted contract did not necessarily depend upon the amount of damages inflicted upon the house by the peril insured against."

In Beals v. The Home Ins. Co. 36 N. Y. 522, after a proper election to rebuild by the insurer, the insured refused to permit it to do so and insisted on doing his own rebuilding. Thereafter he sued upon the policy. It was held that he could not maintain the action.

We are not now called upon to consider the effect of a breach by an insurer of its contract to rebuild, nor to determine the measure of damages for such a breach, nor the rights of the insured in such a case, and so express no opinion thereon.

There is nothing in this case which even suggests that the building contract substituted for the insurance contract November 27, 1931, has ever been breached by defendant. On the contrary, it has done all that in reason it could do to get on with performance. By this action plaintiff formally denies its right to rebuild. Defendant was not obligated, and by plaintiff's demand could not be obligated, to rebuild at the "peril" of meeting both the cost of rebuilding and the outcome of this action on the policy.

■ We come now to another principle which puts plaintiff very much in the wrong. It is thus stated by Professor Williston:

"Since the governing principle in the formation of contracts is the justifiable assumption by one party of a certain intention on the part of the other, the undertaking of each promisor in a contract must include any promises which a reasonable person in the position of the promisee would be justified in understanding were included.

"Wherever, therefore, a contract cannot be carried out in the way in which it was obviously expected that it should be carried out without one party or the other performing some act not expressly promised by him, a promise to do that act must be implied." 3 Williston, Contracts, § 1293.

That is the rule of our decisions. 2 Dunnell, Minn. Dig. (2 ed. & Supps. 1932, 1934) § 1827. Typical cases are Douglas v. Leighton, 53 Minn. 176, 54 N. W. 1053, and Newton v. Highland Imp. Co. 62 Minn. 436, 64 N, W. 1146. Under that rule, it was plaintiff's duty, when notified of defendant's election to rebuild, to put defendant in possession for the purpose of rebuilding; or offer to do so. Instead of doing either, his position, as stated first by his attorney through correspondence, and then finally in his pleading, was that if defendant went on the place to rebuild it would do so at its "peril." That peril, we repeat, was the serious risk of having to pay not only the expense of this lawsuit and the judgment, if adverse, but also the cost of rebuilding.

Next, it is too plain for argument that if plaintiff could do so it was his duty to furnish defendant with the plans and specifications of the original building. Assuming that he had and could get none, it was yet his duty to render defendant reasonable aid and coöperation, first in preparing satisfactory plans and specifications, and then in the erection of the new building agreeably thereto. Such aid and coöperation plaintiff flatly refused. Thereby he was guilty of breach of the building contract which succeeded the one for insurance.

The plain right of the case can be illustrated no better than by examining the situation with the rights of the parties hypothetically transposed. Suppose the building worth much more than the insurance and that plaintiff had the right to reject payment under

the policy and to elect instead to have the building rebuilt by defendant. Suppose further that he did so elect and, defendant wrongfully refusing to rebuild, plaintiff himself did so, having first been notified by the insurer that he would so proceed at his own peril. In such a case there would be no question but that the insured, after so rebuilding, would have the right to recover the cost. The insurer, having from the first asserted that the insured must proceed at his own peril, would certainly be in no position to claim a breach by the insured, giving it the right to pay the amount fixed by the policy instead of the cost of rebuilding.

An insurer has the right under our standard policy to replace insured merchandise damaged or destroyed by fire. But if the insurer claiming such right notwithstanding proceeds with an attempted appraisal and puts the insured to the trouble, delay, and expense of litigation, the right to replace is lost. Knox-Burchard Merc. Co. v. Hartford F. Ins. Co. 129 Minn. 292, 152 N. W. 650; Marthinson v. North British & Merc. Ins. Co. 64 Mich. 372, 31 N. W. 291. A typical case is Morley v. Liverpool & L. & G. Ins. Co. 85 Mich. 210, 48 N. W. 502, 504, wherein there had been a forfeiture of the policy by the insured. But two months afterwards the insurer procured an examination of the insured according to the terms of the policy. "By so doing defendant subjected him [the plaintiff] to additional costs and expense." "This conduct," said the court [85 Mich. 218], "was entirely inconsistent with the idea that defendant insisted upon this forfeiture." Hence the insurer was held to have waived the forfeiture. That illustrates how the insurer is penalized, and properly so, for conduct inconsistent with the rights of the insured. The obligation to be consistent and to observe contract duty is no more weighty upon the insurer than upon the insured.

By inconsistent or equivocal conduct, the insurer frequently loses by waiver or estoppel a right which it might otherwise have. Such conduct of an insurer having such a deleterious effect on its own contract rights, similar conduct on the part of the insured can have no less effect upon his rights. In this case the conduct of defendant in electing to rebuild was unequivocal and consistent

with its contract obligation. It did its utmost to perform that obligation, short of beginning the work after being notified that it would do so at its own peril. The conduct of the insured, on the other hand, has been in utter repudiation of his own plain obligation reasonably to coöperate with the insurer in rebuilding. To permit plaintiff so to deprive defendant of a fixed right would be to reward him for his own breach of contract. That the law will not permit.

Where a building contractor, and that is what defendant became by its election to rebuild, has a right to enter upon real estate to perform its contract, it is entitled to permission from the owner to do so. Mere absence of explicit refusal of permission is not enough to put the contractor in the wrong. Denial of the aid and coöperation which it was the owner's contractual duty to furnish is sufficient to justify the builder's delay in proceeding with the work. The latter cannot be obligated by the owner to proceed at his peril and at the risk and expense of a lawsuit which denies the right to rebuild.

To sum up, the determinative contract is not the original one of insurance but the suceeding undertaking to rebuild. Under the evidence, viewed as favorably as may be for plaintiff, there has been no breach by defendant. The only breach thus far has been by plaintiff, whose conduct has been plainly a denial of the right of defendant. That, at least and in any view, "justified" defendant's "refusal to proceed." Newton v. Highland Imp. Co. 62 Minn. 436, 441; 64 N. W. 1146, 1147. For that reason the order under review must be reversed with instructions to amend the findings and conclusions of law conformably to the views herein expressed and to order judgment for plaintiff for only the $300 loss of personal property, and without prejudice to plaintiff's right to have the building rebuilt.

So ordered.

UPON APPLICATION FOR REARGUMENT.

On May 2, 1935, the following opinion was filed:

STONE, JUSTICE.

Plaintiff's petition for rehearing is denied. But there is one

thing which needs further comment. We said that plaintiff furnished no aid whatever in defendant's efforts to formulate a working plan for the new building. That is wrong to the extent defendant's contractor, Mr. Anderberg, testified that he did get some information from plaintiff. But it was incomplete by far, plaintiff refusing further assistance. The mistake was due to too close adherence to the testimony of plaintiff himself, which was that he did not "suggest changes" in the plan or bill of materials. At that point he says, "I had nothing to say."

The assertion that defendant's delay in proceeding with reconstruction was a breach of the construction contract might be true if it had not been so much chargeable to plaintiff himself. The main point remains that defendant was entitled to plaintiff's active coöperation from the outset. With the slight exception mentioned, it was refused.