Robert C. WALKER, Plaintiff,

v.

**REPUBLIC UNDERWRITERS INSUR-
ANCE COMPANY, Defendant.**

Civ. No. 3–82–1242.

United States District Court,
D. Minnesota,
Third Division.

Jan. 14, 1983.

Dean K. Johnson, Minneapolis, Minn., for defendant.

Mark M. Nolan, St. Paul, Minn., for plaintiff.

RENNER, District Judge.

This matter comes before the court on defendant's motion to dismiss and plaintiff's motion for summary judgment. Mark M. Nolan, Esq. appears for plaintiff and Dean K. Johnson, Esq. appears for defendant. The matter was submitted on briefs without oral argument.

## I.

## INTRODUCTION

Plaintiff Robert C. Walker (Walker) and defendant Republic Underwriters Insurance Company (Republic) are parties to a fire insurance contract covering Walker's residence at 787 Marshall Avenue, St. Paul, Minnesota. On May 18, 1982, Walker's dwelling was damaged by fire.

The policy contract between Republic and Walker provides that Republic could elect to rebuild, repair or replace the property:

SECTION 1—CONDITIONS

9. Our Option. If we give you written notice within 30 days after we receive your signed, sworn statement of loss, we may repair or replace any part of the property damaged with equivalent property.

*See* Republic Policy No. 512–13–62, attached as Exhibit A/1–N19 to Defendant's Statement of Specific Points and Propositions of Law in Support of Defendant's motion to dismiss (Defendant's Memorandum).

This provision is in accordance with Minn.Stat. § 65A.01 which provides:

It shall be optional with [the fire insurance] company to take all of the property at the agreed or appraised value, and also to repair, rebuild or replace the property destroyed or damages with other of like kind and quality within a reasonable time, on giving notice of its intention to do so within thirty days after the receipt of the proof of loss herein acquired.

Both parties arranged for damage appraisals of the 787 Marshall property. The public appraiser hired by Walker estimated the damage to the building at $89,756.46. *See* Exhibit A to Plaintiff's Memorandum. David Hisey, a Republic agent, estimated the damage to be $65,959.36. *See* Exhibit B to Plaintiff's Memorandum.

After these appraisals, Republic notified Walker by certified letter of its intention to rebuild the property, following the procedure specified in Minn.Stat. § 65A.01. *See* Exhibit B/1–B/3 to Defendant's Memorandum. The letter informed Walker that the repair work was to be done by Scott Construction Corporation in Minneapolis and that Walker should advise Scott Construction if he wished to change the repair plans in any way.

Walker, apparently having learned that Scott Construction estimated the cost of rebuilding to be approximately $49,000, declined to remove locks on property to permit rebuilding on the ground that repair work done at this cost could not be of "like kind and quality" as required by Minn.Stat. § 65A.01. Shortly thereafter, Republic's attorney submitted a copy of the Scott Construction estimate to Walker's attorney. Although the estimate included fairly detailed specifications, corresponding costs were removed. In a letter accompanying the copy, Republic's attorney said that be-

cause "Mr. Walker's rights are now measured by notions of 'like kind and quality' and not by any dollar amount, I have arranged for the obliteration from the estimate of the dollar amounts which have been privately negotiated between Republic and Scott Construction. Walker did not notify Republic that he specifically objected to any of the plans and specifications in the estimate."

On September 1, 1982, Walker initiated this action for declaratory judgment pursuant to Minn.Stat. § 555 *et seq.* to "adjudicate and declare the rights, obligation, status and legal relationship of the parties under the above-described insurance policy." Complaint ¶ III. The complaint alleges that Republic's adjuster estimated the cost of repair for the premises to be $65,959.36 and the cost of repair or replacement less depreciation for contents at $5,220. Plaintiff further alleges that he has made demand for this payment; that Republic has refused to pay because it has elected to rebuild the property; that the contractor hired by Republic has agreed to rebuild at only $49,000; and because it is so much less than the cost appraisals such an estimate could not be for "like kind and quality." Plaintiff seeks compensatory damages in excess of $50,000, an order requiring payment of $71,176.72 plus interest from the date of the loss claim, and attorney's fees. The case was removed to federal court on September 20, 1982.

Defendant moves to dismiss for failure to state a claim and Plaintiff moves for summary judgment.

## II.

### DISCUSSION

Courts have repeatedly held that a motion to dismiss for failure to state a claim upon which relief can be granted should be denied:

> [U]nless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.

> \* \* \* \* \* \*

The question, therefore, is whether, in the light most favorable to the plaintiff, the complaint states any valid claim for relief. Thus, as a practical matter, a dismissal under Rule 12(b)(6) is likely to be granted only in the unusual case in which a plaintiff includes allegations that show on the face of the complaint that there is some insuperable bar to relief. *Thomas W. Garland, Inc. v. City of St. Louis,* 596 F.2d 784, 787 (8th Cir.1979), *quoting Jackson Sawmill Co. v. United States,* 580 F.2d 302, 306 (8th Cir.1978), *cert. denied* 439 U.S. 1070, 99 S.Ct. 839, 59 L.Ed.2d 35 (1978). The court finds that this stringent standard has been met here, so that dismissal is proper.

As plaintiff concedes, (*see* Plaintiff's Memorandum at 3) an election to rebuild transforms a contract for the payment of insurance proceeds into a construction contract. When an insurer properly exercises its right to repair or rebuild, the insured no longer has an action on the policy to recover the money indemnity therein provided. *Cussler v. Firemen's Ins. Co. of Newark, N.J.,* 194 Minn. 325, 260 N.W. 353 (1935). Furthermore, while a fire insurance company is exercising its option to repair, the insureds cannot do otherwise than submit. *Michigan Fire Repair Con. Ann'n. v. Pacific Nat. F. Ins. Co.,* 362 Mich. 552, 107 N.W.2d 811 (1961) *citing Cascaden v. Magryta,* 247 Mich. 267, 225 N.W. 511 (1929).

In his complaint, Walker describes his cause of action as one seeking a declaratory judgment regarding the rights and legal obligations of the parties "under the above-described insurance policy." Complaint, ¶ 3. He then quotes from the policy and prays for damages estimated with reference to it. Since the claim is unambiguously stated as one for money indemnity under an insurance policy and since an action on the insurance policy no longer exists once the insurer opts to rebuild, *see Cussler,* 194 Minn. at 326, 260 N.W. at 354, plaintiff has failed to state a claim upon which relief can be granted and the com-

plaint must be dismissed. *See Garland,* 596 F.2d at 787.

Plaintiff argues, however, that his cause of action is not upon the policy. It is, rather, that Republic has anticipatorily breached a contract to rebuild plaintiff's property. Even assuming that the complaint could be read to state such a claim, dismissal would be required. The Minnesota Supreme Court has defined anticipatory breach as follows:

[W]here one party to an executory contract, before performance is due, expressly renounces the same and gives notice that he will not perform it, his adversary, if he so elects, may treat the renouncement as a breach of the contract and at once bring an action for damages ... The refusal to perform must in effect be an unqualified renunciation or repudiation of the contract. A mere refusal, not of that character, will not obviate the necessity of a tender.

*Space Center, Inc. v. 451 Corp.,* 298 N.W.2d 443, 50 (Minn.1980) *citing Matteson v. United States and Canada Land Co.,* 103 Minn. 407, 115 N.W. 195 (1908).

Plaintiff has made no allegation that Republic has refused to perform. He has merely alleged that "defendant has insisted that its only obligation under the subject matter policy is to repair in accordance with the deficient estimate." Complaint, ¶ VIII. Since Republic has both a statutory, *see* Minn.Stat. § 65A.01, and common law, *see Cussler,* 194 Minn. at 325, 260 N.W. 353 (1935) right to elect to rebuild, its election can hardly amount to an anticipatory breach of the contract to rebuild.

Here, as in *Cussler,* the only breach thus far has been by Walker who has refused to advise Republic of his objections to the plans and to otherwise detail why he believes the Scott Construction estimate would not result in a building of "like kind and quality." See Minn.Stat. § 65A.01. Since the focus of analysis under the repair option is the end product, the fact that the cost of the rebuilding may be less than repair estimates previously obtained is irrelevant. Republic's duty under the contract to repair or rebuild is to put the property in as good a state as it was in before the loss. If it breaches this duty, the measure of damages would be the difference between the value of the property as repaired, and what it would have been if fully repaired. *See, generally,* 6 Appleman, *Insurance Law and Practice,* § 4004 (1972).

To the extent that the complaint can be read to include a claim for breach in regard to loss of contents, that claim must also be dismissed. The policy specifically provides that the parties agree to submit dispute over loss of contents to an impartial umpire. *See* Exhibit A/8, A/10 to Defendant's Memorandum. This provision is a binding contract to substitute a board of appraisal for a court of law. *Glidden Co. v. Retail Hardware Mut. Fire Ins. Co. of Minnesota,* 181 Minn. 518, 233 N.W. 310 (1930), *affirmed,* 284 U.S. 151, 52 S.Ct. 69, 76 L.Ed. 214.

Based upon the foregoing, the record and briefs of counsel, IT IS HEREBY ORDERED that:

1. Defendant's motion to dismiss for failure to state a claim upon which relief can be granted is granted without prejudice to plaintiff's right to have the property rebuilt; and

2. Plaintiff's motion for summary judgment is denied.