NATIONAL UNION FIRE INSURANCE COMPANY *v.* HARROWER.

Opinion delivered March 8, 1926.

1. INSURANCE—DAMAGE BY WIND.—Under a policy of insurance indemnifying against direct loss by wind, but providing that there should be no liability for damage by rain or hail unless the building shall have first sustained actual damage to the roof or walls by direct force of wind, *held* that where a wind storm tore the roof from the building insured, the insurer was liable for damage to the interior of the building by rain or hail.

2. INSURANCE—DAMAGE BY WIND.—In an action on a tornado policy where the testimony showed that plaintiff's building was unroofed by wind, that the rain caused the floors to buckle, and that much of the flooring was so damaged that it needed replacing, *held* the jury were not limited to the amount expended in making temporary repairs of the floors, but might allow such sum as would be necessary to remedy the damage suffered.

Appeal from Yell Circuit Court, Dardanelle District; *J. T. Bullock,* Judge; affirmed.

*McMillen & Scott,* for appellant.

*Davis & Rollow* and *Hays, Priddy & Rorex,* for appellee.

SMITH, J.   On June 14, 1922, the appellant insurance company issued and delivered to appellee an insurance policy indemnifying appellee for a period of one year against all direct loss by tornado, windstorm or cyclone. The policy contained the following clause: "This company shall not be liable for any loss or damage caused by hail, whether driven by wind or not. * * * This company shall not be liable for any loss or damage caused by rain or water, whether driven by wind or not, unless the building insured shall have first sustained an actual

damage to the roof or walls of same by direct force of wind, and then be liable for only such damage to interior of the building or the insured property therein as may be caused by water or rain entering through the opening of the building or roof or walls, made by the direct action of the wind.''

Appellee brought suit on this policy, and alleged in her complaint that the town of Dardanelle, where the insured building was located, was visited by a windstorm on April 28, 1923, damaging the building in the sum of $2,085, for which sum she prayed judgment. The defendant company filed an answer, admitting the execution of the policy sued on, but denied that the damage was caused by a windstorm, cyclone or tornado.

The building insured was a brick business house, with a front of seventy-five feet, and extending back one hundred feet, and was divided into three store rooms, all of which were occupied by tenants at the time of the damage.

J. F. Harrower, the husband of the plaintiff, testified without objection, as the agent of his wife, that on April 28, 1923, a severe windstorm practically tore the roof from the building, and within fifteen or twenty minutes after this happened a heavy rain began, which in a few minutes was followed by a hail storm, and that the rain came into the building through the damaged roof, soaking the ceiling of the different store rooms, and ran down the walls and flooded the floors in such volume that a number of holes had to be bored in the floor to let out the water, which could not be swept out fast enough.

Another witness testified that there was a windstorm first, after which came the rain, and then the hail, and that the rain blew hard enough to blow down a tree in witness' yard. There was other testimony corroborative of this.

The insurance company offered testimony tending to contradict the testimony stated above, and certain photographs showing the ground covered with hail were offered

in evidence. The purport of the testimony offered on behalf of the insurance company was to the effect that there was not sufficient wind to have damaged the roof, and that the damage was caused by the beating of the hail upon the roof.

This question of fact was submitted to the jury under instructions which are not questioned, and the verdict of the jury in plaintiff's favor is conclusive of the fact that the roof was damaged by a windstorm, and, this being true, the insurance company became liable for the subsequent damage occasioned by the rain and hail to the interior of the building.

The verdict of the jury was for the sum of a thousand dollars, and from the judgment thereon is this appeal.

Appellant insists that under the undisputed evidence the verdict should not have been for a greater amount than $819, this total being made up of the following items: Roofing, $562.50; calcimining, $88; painting wooden portions, $64; painting front, $60; flooring, $20; replastering, $25; total $819.

But, as is pointed out in the brief of appellee, the defendant's figures do not take into account testimony offered in behalf of appellee that the water damage required the painting of the ceiling of two of the rooms, at a cost of $2 per square, and that there were 25 squares in the ceiling of each room, which would make $100 not included in the above tabulation. In addition, the jury might have found that the damage to the floor, which appellant places at only $20, was much greater than that figure. Mr. Harrower placed the damage to the floor at fifty per cent. of its cost, and another witness at from twenty-five to thirty per cent. This witness testified that the floor swelled up and buckled and burst the tongue and groove. A clerk in one of the stores testified that holes had to be bored all over the house to let out the water which had run down the walls. Mr. Harrower testified that he had used 250 feet of flooring in repairing the holes, and that there was still a part of the floor

which would have to be taken up and fixed, and that portions of the floor were weak from the effect of the holes which were bored to let the water out.

Under the facts stated, we think the jury was not limited in the assessment of damage to the floor to the actual cost of the flooring, the price of which was shown to be only $20. The patched floor is itself a damage which the jury had the right to consider, and the substitution of a new one, had this been done, would no doubt have been a greater cost than the sum allowed by the jury for this item, and would have made the verdict even larger than it was.

While the testimony as to the other items is not undisputed, the testimony in appellee's behalf warranted the finding made, and this is conclusive of that question of fact on this appeal.

The testimony being legally sufficient to support the verdict of the jury, both as to the cause of the damage and the extent thereof, and no other question being presented, the judgment must be affirmed, and it is so ordered.