GLEN FALLS INSURANCE COMPANY *v.* BASSETT.

Opinion delivered January 18, 1932.

*Verne McMillen,* for appellant.

*C. A. Holland* and *George W. Clark,* for appellee.

SMITH, J. This is a suit by appellee upon a fire insurance policy issued to him by the appellant insurance company to recover damages to compensate a partial destruction of the building covered by the policy.

An unsuccessful attempt was made to adjust the loss on the basis of the cost of restoration, and all the testimony in the case was devoted to the development of the question of the cost of this repair, and a number of building contractors testified on that subject. No one of them appears to have testified as to the difference in value between the building in its condition before the fire and its value after its restoration. Indeed, the estimates of cost of restoration were based upon plans which would have put the building in as good condition as it was before the fire.

The property was purchased by appellee in 1928 for $3,000, and, as the building was old, he made repairs costing about $300, which put it in good condition. Appellee admitted the property was more valuable at the time of its purchase than it was at the time of the fire, and the undisputed testimony is to the effect that the two lots upon which the building stands are worth not less than $1,000.

There was a verdict and judgment for $2,750, from which is this appeal, and it is earnestly insisted for its reversal that it is grossly excessive. We dispose of this feature of the case, however, by saying that, while it appears to be very liberal and to be based upon estimates of the complete restoration of the building to its condition before the fire, we are unable to say that it is not supported by sufficient testimony.

The policy sued on contained the following clause: "This company shall not be liable beyond the actual cash value of the property at the time any loss or damage occurs, and the loss or damage shall be ascertained or

estimated according to such actual cash value, with proper deduction for depreciation, however caused, and shall in no event exceed what it would then cost the insured to repair or replace the same with material of like kind and quality."

As has been said, the testimony was devoted to the question of the cost of the restoration of the building to its condition before the fire. Upon this issue the court gave, over the objection and exception of the defendant company, an instruction numbered 1, which reads as follows: "The court instructs the jury that, in determining the cost of restoring the building and the measure of the plaintiff's damage, you have a right to take into consideration the difference in the value of a patched-up or restored building and a building built at one time without patches and repairs."

We think this instruction was erroneous. As has been said, the building was not a new one, yet this instruction permits the recovery, not only of the restoration cost, but also the difference in value between the restored building and a new one, that is, "a building built at one time without patches and repairs."

The provision of the policy above quoted does not contemplate, under the facts of this case, the erection of a new building, but only the restoration of the damaged one to a condition as good as that existing at the time of the fire. It contemplates, of course, that material, workmanship and finish shall be of equal quality with that of the old building; in other words, the building must be restored to its condition before the fire, but this does not mean that its value was then to be equal to a new building or one "built at one time."

The obligation of the insurer under a contract of insurance similar to the one here sued on, where the option to repair and replace has been asserted, was declared in the case of *Hartford Fire Ins. Co.* v. *Peebles' Hotel Co.*, 82 Fed. 546. This was a case heard by the Circuit Court of Appeals of the Sixth Circuit, in which Judges TAFT and LURTON sat, the opinion being delivered

by the latter. It was there held that, after election by an insurer under such a policy to repair or rebuild, the measure of damages is the cost of repairing or rebuilding where there has been a total failure, or the difference between the work as done and its value if done according to the standard of that existing before the fire, and that, upon such election by the insurer, the contract becomes one for rebuilding or repairing, and is governed by the principles applicable to engagements of that kind where the consideration has been paid in advance. It was said further in this opinion that the option to rebuild or repair affords the insurer a mode of adjustment whereby all extravagant claim of loss may be avoided, and that, when once resorted to, the whole character of the contract is changed, and the original contract of indemnity becomes, in effect, a building contract.

The case of *National Union Fire Ins. Co.* v. *Harrower*, 170 Ark. 694, 280 S. W. 656, is cited as sustaining the instruction set out above. But such is not its effect. There was no election of the option to repair in that case, and the issue decided was the amount of damage to the building occasioned by the wind against which the policyholder had been indemnified.

The testimony offered by both parties at the trial from which this appeal comes related to the cost of repair, and the case was developed on that theory, and became, in effect, therefore one for a breach of the contract to repair which the insurer had elected to assume but had not performed. Its liability under the issue joined is identical with that of a builder, who, for a consideration paid in advance, has failed to perform the contract to repair. *Hartford Fire Ins. Co.* v. *Peebles' Hotel Co., supra; Commonwealth Ins. Co.* v. *Sennett,* 37 Pa. 205, 78 Am. Dec. 418; Cooley's Briefs on Insurance, vol. 7, p. 6568.

The court gave an instruction at the request of the defendant insurance company which stated the measure of damages as herein declared, but that did not cure the error of instruction numbered 1, set out above. The con-

flict in the instructions left the jury without a clear and definite rule with which to measure the damages.

For the error indicated, the judgment must be reversed, and the cause will be remanded for a new trial It is so ordered.